IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


AMANDA CIMILLO,

    Plaintiff,

v.                                          CASE NO. 4:16cv584-RH/CAS

DIANE ANDREWS et al.,

    Defendants.

_____/

## ORDER DENYING THE MOTION TO DISMISS

This case arises from the death of Randall Jordan-Aparo while in the custody of the Florida Department of Corrections. The plaintiff is the personal representative of Mr. Jordan-Aparo's estate.

The first amended complaint alleges, among other things, that the defendant correctional officers and medical personnel killed Mr. Jordan-Aparo by gassing him and failing to provide medical care. The first amended complaint alleges that this was done to retaliate against Mr. Jordan-Aparo for disclosing misconduct by corrupt officers at another facility. The first amended complaint alleges that the defendants, together with the defendant warden, conspired to cover up the killing of Mr. Jordan-Aparo, thus denying the plaintiff access to the courts for redress of

Case No. 4:16cv584-RH/CAS

the wrongful death. The first amended complaint asserts a total of four claims: a state wrongful-death claim, a state civil-conspiracy claim based on the killing and cover up, a federal claim under 42 U.S.C. § 1983 based on the killing; and a federal § 1983 claim for denial of access to the courts, that is, for covering up the misconduct.

Mr. Jordan-Aparo died on September 19, 2010. The plaintiff filed this action six years later, on September 19, 2016. The defendants have moved to dismiss based on the statute of limitations. They say dismissal is proper under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, but the statute of limitations is an affirmative defense that does not implicate subject-matter jurisdiction. The defendants assert alternatively that dismissal is proper under Rule 12(b)(6) for failure to state a claim on which relief can be granted. "[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citing *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003)).

It is not apparent on the face of the first amended complaint that these claims are time barred.

The limitations period for a Florida wrongful-death claim is ordinarily two years. *See* Fla. Stat. § 95.11(4)(d). But when the decedent is a "disabled adult," a

claim asserting murder or manslaughter may be brought at any time; there is no statute of limitations. *See id*. § 95.11(10). The first amended complaint alleges that Mr. Jordan-Aparo was a "disabled adult" within the meaning of the statute and that his killing constituted murder or manslaughter. The Florida wrongful-death claim cannot be dismissed based on the statute of limitations.

The limitations period for a Florida-law conspiracy claim of this kind is four years. The plaintiff alleges that the conspiracy began before Mr. Jordan-Aparo's death and continued into 2016. That may or may not be correct, but it is not apparent on the face of the complaint that the conspiracy was complete more than four years before the plaintiff filed this action. The Florida conspiracy claim cannot be dismissed based on the statute of limitations.

There is no *federal* statute of limitations for § 1983 claims arising under the Constitution or under statutes enacted before December 1, 1990. *See Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Instead, such § 1983 claims "are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." *Wellons v. Comm'r, Ga. Dep't of Corrs.*, 754 F.3d 1260, 1263 (11th Cir. 2014) (citing *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008)). Florida's limitations period for personal-injury actions is four years. *See* Fla. Stat. § 95.11(3)(p); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th

Cir. 2003)); *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002).

The plaintiff says the four-year period does not apply to a claim arising from the murder or manslaughter of a disabled adult, because, as set out above, Florida has a specific statute addressing the limitations period for such a claim. *See* Fla. Stat. § 95.11(10). But Florida also has a specific statute establishing a two-year limitations period for a claim arising from the wrongful death of an adult who is *not* disabled. *See* Fla. Stat. § 95.11(4)(d). Even so, the limitations period for a *§ 1983 claim* arising from the death of an adult who is not disabled is four years. *See Chappell*, 340 F.3d at 1283. Under *Chappell*, the limitations period for a § 1983 claim arising in Florida is four years, even when the claim arises from a death; the separate Florida limitations period applicable to a wrongful death does not apply.

This does not mean that the plaintiff's § 1983 death claim should be dismissed at this time. A § 1983 claim "will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Chappell*, 340 F.3d at 1283 (citing *Mullinax v. McElhenny*, 817 F.2d 711, 716 (11th Cir. 1987)). It is not apparent on the face of the complaint that the plaintiff knew, more than four years before she filed this action, who

inflicted this injury. The § 1983 death claim cannot be dismissed at this time based on the statute of limitations.

Even more clearly, it is not apparent on the face of the complaint when the plaintiff knew of the alleged cover-up that forms the basis of her federal claim for denial of access to the courts. The law of the circuit recognizes that such a claim exists. *See Chappell*, 340 F.3d at 1283 ("[I]nterference with the right of court access by state agents who intentionally conceal the true facts about a crime may be actionable as a deprivation of constitutional rights under 42 U.S.C. §§ 1983 and 1985."). The § 1983 access-to-courts claim cannot be dismissed based on the statute of limitations or for failure to state a substantive claim on which relief can be granted.

For these reasons,

IT IS ORDERED:

The motion to dismiss, ECF No. 30, is denied.

SO ORDERED on May 23, 2017.

          s/Robert L. Hinkle
          United States District Judge