UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AMANDA CIMILLO, as
Personal Representative of the
Estate of RANDALL JORDAN-APARO,
Deceased and MINOR CHILD APARO
The Natural Child of Randall Jordan-Aparo
By and Through Her Mother and Natural Guardian
Amanda Cimillo,

     Plaintiffs,

vs.                                                      CASE NO. 4:16-cv-00584-RH-CAS

ROLLIN AUSTIN,
MITCHELL BROWN, PATRICK BURCH,
MOHAMMAD SALMAN CHOUDHARY, M.D.,
A. JONES (aka LUCY FRANKLIN), SENIOR L.P.N,
CHAD EVANS GILLIKIN,
MARTHA GREENE, SENIOR L.P.N,
JAMES I. HAMM, KEVIN ALLEN HAMPTON,
PAMELA T. HOUSHOLDER, SENIOR R.N.,
JOSHUA MARTINA, OLA MELISSA RILEY,
SENIOR L.P.N, CHRISTOPHER SPANGLER, and
the FLORIDA DEPARTMENT OF CORRECTIONS,
an Agency of the State of Florida

     Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT
FLORIDA DEPARTMENT OF CORRECTIONS**

Plaintiffs, Estate of Randall Jordan-Aparo, Deceased, by and through its Personal

Representative, Amanda Cimillo, and Minor Child Aparo natural minor child of the deceased

Randall Jordan-Aparo, by and through the undersigned counsel, and pursuant to Rules 37 and

45(c)(2)(B), the Federal Rules of Civil Procedure, hereby moves for an Order Compelling Florida

Department of Corrections (FDOC) to fully respond to Plaintiffs' Request to Produce and Requests for Interrogatory Responses and states as follows in support:

1.      Defendant FDOC has engaged in substantial discovery misconduct in this matter.[1] As just one example of Defendant FDOC's discovery misconduct, Plaintiffs served their first Request to Produce to Defendant FDOC on March 15, 2017. See attached Plaintiffs' Request and Defendant FDOC's initial response attached as **Exhibits A and B**. Defendant FDOC, requested multiple extensions, first producing documents responsive to Plaintiffs' First Request to Product on June 2, 2017, almost ninety (90) days after the request was made. Specifically,  Request 24, and DOC's response, were as follows:

> Request: 24.   Any and all Documents and Communications in the custody and control of DOC in the possession of DOC including Documents or Communication housed at Jefferson Correctional Institute, which mention or discuss Randal Jordan Aparo or William R. Aron (DC No. S12757) acting as informants in connection with inmate/correction officer activity involving the joint introduction of contraband into Jefferson Correctional Institute.

> Defendant FDOC Response: None.

2.      In September of 2017, Plaintiffs received documents from the Florida Department of Law Enforcement in response to a subpoena in this matter. One of those documents included a smoking gun email authored by Assistant US Attorney Karen Rhew-Miller, raising the issue that Aparo was an informant, and may have been killed because he was an informant. See Rhew-Miller email, attached hereto as **Exhibit C.** Ms. Rhew-Miller's email contains an excerpt from a Defendant FDOC incident report/MINS Report wherein it discusses that Aparo was an informant related to drug drops at Jefferson Correctional Institute. This document is one of the most critical documents in this case, and raises the theory that Aparo was murdered while incarcerated with

---

[1]  Defendant FDOC failed to inform Plaintiffs that Defendant FDOC had no produced all responsive documents, and that no email search had not been conducted to search for other documents responsive to the requests. The other issues related to Defendant FDOC's response to Plaintiffs' First RTP will be addressed by separate motion.

Defendant FDOC because he was an informant. Defendant FDOC did not produce the MINS Report in response to **any** Request to Produce served by the Plaintiffs until a copy of Ms. Rhew-Miller's email was produced sent by Plaintiffs to Defendant FDOC as part of a conferral. *See* MINS report, attached hereto as **Exhibit D**. Defendant FDOC has done less than the minimum in fulfilling its discovery obligations, despite employing over 20,000 employees, and dozens of in-house attorneys.

### Discovery At Issue For The Purposes Of The Instant Motion

3.      Plaintiffs served their Request to Produce to Defendant Florida Department of Corrections Dated September 8, 2017, attached here to as (**Exhibit E**), which responses were due on October 8, 2017, and as of this date the Plaintiffs have not received any responses to this request, nor have Plaintiffs received any indication as to when to expect the responses to be received. This response is nineteen (19) days late.

4.      Plaintiffs served their Fifth Request to Produce to Defendant Florida Department of Corrections Dated September 17, 2017, attached here to as (**Exhibit F**), which responses were due on October 17, 2017, and as of this date the Plaintiffs have not received any responses to this request, nor have Plaintiffs received any indication as to when to expect the responses to be received. This response is ten (10) days late.

5.      Plaintiffs served their Sixth Request to Produce to Defendant Florida Department of Corrections Dated September 20, 2017, which responses were due on October 20, 2017,attached here to as (**Exhibit G**), and as of this date the Plaintiffs have not received any responses to this request, nor have Plaintiffs received any indication as to when to expect the responses to be received. This response is seven (7) days late.

6.      Plaintiffs served their Seventh Request to Produce to Defendant Florida Department of Corrections Dated September 20, 2017, which responses were due on October 20, 2017,attached here to as (**Exhibit H**), and as of this date the Plaintiffs have not received any responses to this request, nor have Plaintiffs received any indication as to when to expect the responses to be received. This response is seven (7) days late.

7.      Plaintiffs served their Eighth Request to Produce to Defendant Florida Department of Corrections Dated September 22, 2017, which responses were due on October 22, 2017,attached here to as (**Exhibit I**), and as of this date the Plaintiffs have not received any responses to this request, nor have Plaintiffs received any indication as to when to expect the responses to be received. This response is five (5) days late.

8.      Plaintiffs served their Tenth Request to Produce to Defendant Florida Department of Corrections Dated September 26, 2017, which responses were due on October 26, 2017,attached here to as (**Exhibit J**), and as of this date the Plaintiffs have not received any responses to this request, nor have Plaintiffs received any indication as to when to expect the responses to be received. *Although these were due yesterday the Plaintiff would like to move to Compel to ensure timely responses. This response is two (2) days late.

9.      Plaintiffs served their Forth Set of Interrogatories upon Defendant Florida Department of Corrections on September 20, 2017, which responses were due on October 20, 2017,attached here to as (**Exhibit K**), and as of this date the Plaintiffs have not received any responses to these Interrogatories, nor have Plaintiffs received any indication as to when to expect the responses to be received.  This response is seven (7) days overdue.

10.      Defendant FDOC waived its objections by failing to respond within the time frame permitted under the Federal Rules of Civil Procedure.

## MEMORANDUM OF LAW

### A.  Standard of Review.

"The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble Co.,* 758 F.2d 1545, 1547 (1lth Cir. 1985). Rule 26(b)(l) defines the scope of discovery as including "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information..." R. 26(b), Fed. R. Civ. P. Under Rule 26, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be relevant in the case." *Openheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 (1978). Significantly, discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." *Id.* at 352. Ultimately, relevant information is discoverable, even if not admissible at trial, so long as the information is "relative to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action." R. 26(b)(l), Fed. R. Civ. P.

The scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26(b). *Thompson v. Cincinnati Ins. Co.,* 2010 WL 4667100 at *4 (N.D. Fla. Nov. 9, 2010); *Commissariat A L 'Energie Atomique v. Samsung Electronics Co., LTD.,* 2006 WL 5003562 at *2 (M.D. Fla. June 14, 2006) ("[I]t is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34."). As such, the documents sought by the party issuing the subpoena must be reasonably calculated to lead

to the discovery of admissible evidence.[2] *Thompson,* 2010 WL 4667100 at *4. A Rule 45 subpoena should therefore be enforced "unless it is clear that the evidence sought can have no possible bearing on the issues." *Benavides v. Velocity IQ, Inc.,* 2006 WL 680656 at *2 (M.D. Fla. March 15, 2006).

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the district court. *Commercial Union Ins. Co. v. Westrope,* 730 F.2nd 729, 731 (1lth Cir. 1984). "This means that a district court is allowed 'a range of choice' in such matters," and its rulings will not be second-guessed "unless they reflect a clear error of judgment." *Holloman v. Mail- Well Corp.,* 443 F.3d 832, 837 (11th Cir. 2006). As the entity that has stated it is unable to timely produce responsive documents, FDOC has the burden of demonstrating that the requested discovery has no possible bearing on the claims and defenses in the case. *See Johnson v. Petsmart, Inc.,* 2007 WL 2852663 at *1 (M.D. Fla. Oct. 2, 2007) (In the case of a Rule 45 subpoena, once the moving party establishes compliance with Rule 45, the burden shifts to the subpoenaed party if it raises any objections.).

### B. The Responsive Defendant FDOC Documents Are Relevant to this Litigation and the Plaintiff's Claims, and Defendant FDOC continues to engage in a pattern of discovery misconduct by not filing timely responses or serving timely responsive documents and not answering interrogatories timely.

Defendant FDOC has engaged in substantial discovery misconduct in this case, as evidenced by the example above. This conduct has continued to manifest itself, this time in the form of Defendant FDOC's failure to provide written responses within the time permitted under the Federal Rules of Civil Procedure to five (5) separate Requests to Produce and One set of Interrogatories. *See supra.*

The Parties conferred concerning these outstanding responses, both in writing and

---

[2] The proper standard for Rule 26(b)(1) has been amended, as cited *supra.*

telephonically. On October 23, 2017, Plaintiffs' requested that the documents be produced by October 27, 2017, at noon. Plaintiffs' further requested that the responses due on October 26, 2017, However, Defendant FDOC failed to provide even a written response to the outstanding discovery requests. On October 27, 2017, Defendant FDOC, through counsel, could not provide a date certain as to when Defendant FDOC could respond to the outstanding discovery, thus, justifying the instant Motion before the Court.

As part of the conferral, Plaintiffs permitted Defendant FDOC provide the responsive documents and answers to the outstanding interrogatories through Friday, October 27, 2017, at noon. Defendant FDOC failed to serve a written response to the outstanding discovery requests and also failed to provide even one (1) single responsive document to the outstanding discovery requests. *See Bullins v. DiBernardo,* Case 4:14-cv-00347-WS-CAS, Doc. 117, Order Granting Plaintiffs Motion to Compel, attached hereto as **Exhibit L**. *See Butler v. Beasley et al*, Case 4:16cv222-RH/CAS, Doc. 41, Order Compelling Document Production, attached hereto as **Exhibit M.** Thus, Plaintiffs request an order compelling production from this Court, ordering Defendant FDOC to provide all responsive documents within three (3) days of this order. Defendant FDOC's discovery misconduct extends to other cases, as cited herein, and has continuously prejudiced the Plaintiffs in this action.

The documents requested by Plaintiff are unequivocally relevant to the instant action and the allegations contained in the Third Amended Complaint. Defendant FDOC has continuously engaged in a course of conduct that has prejudiced Plaintiffs in this action, including omitting from its responses that it did not conduct **any** email searches to determine if DOC possessed any emails responsive to Plaintiffs' requests. Now, instead of concealing whether its responses are complete, Defendant FDOC has chosen to not even file written responses to the discovery propounded by

the Plaintiffs. While Defendant FDOC's failure to produce has already prejudiced the Plaintiff by simply failing to respond to numerous discovery requests and provide responsive documents, Plaintiff has been prejudiced in other specific ways. For example, Defendant FDOC now contends in its recently filed Motion to Dismiss Plaintiffs' Third Amended Complaint that Plaintiffs have merely allegedly conclusory allegations without factual support. *See ECF. Doc. 107, fn. 4. See also ECF. Doc. 79, page 11*. Plaintiff has been forced to disprove Defendant FDOC's arguments that Plaintiffs' allegations are conclusory without factual support by obtaining documents from third parties, and which Defendant FDOC only produces once Plaintiff extrinsically proves that Defendant FDOC has provided complete responses to Plaintiffs' discovery responses. If FDLE never produced the Karen Rhew-Miller email, Defendant FDOC would have been able to continue to conceal the Incident Report/MINS that she was referring to in her email. *See* Exhibit C. In other words, on the one hand, Defendant FDOC argues that Plaintiffs claims lack factual support, but on the other hand, Defendant FDOC is concealing documents, and producing them only when Plaintiff proves extrinsically that such documents exist. Even worse, as the possessor of the overwhelming majority of the documents relevant in this action, Defendant FDOC's discovery misconduct has prejudiced Plaintiffs' ability to prove its claims against the other, individual Defendants. Now, Plaintiffs are faced with Defendant FDOC's brazen hubris of not even serving a written response to the outstanding discovery requests.

At this point, Defendant FDOC cannot be trusted to engage in discovery in good faith. Defedant FDOC's conduct more than justifies an award of attorneys' fees in connection with this motion, and possibly even a monetary sanction, under the present circumstances.

As the basis for the claims arises from Defendant FDOC's care and custody of Randall Jordan-Aparo, Defendant FDOC is in possession of the overwhelming majority of documents that

are relevant to this action. This discovery misconduct cannot continue if this case is to be tried on the merits on the current trial date.

## CONCLUSION

For the reasons expressed, this Court should issue an order compelling FDOC to produce the responsive documents within three (three) days of the Court's order, and award attorneys' fees and costs to the Plaintiff in bringing this Motion.

## CONFERRAL

Pursuant to Local Rule 7.1(b), Counsel for Plaintiff has conferred with Counsel for FDOC and they object to the relief sought herein. Counsel for Plaintiff and FDOC conferred telephonically on three occasions concerning this Motion to Compel, and also in substantial written correspondence.

Respectfully submitted,

The Law Offices of
STEVEN R. ANDREWS, P.A.
822 North Monroe Street
Tallahassee, Florida 32303
T: 850‑681‑6416 / F: 850‑681‑6984

*/s/ Steven R. Andrews*
STEVEN R. ANDREWS (FBN 0263680)
BRIAN O. FINNERTY (FBN 0094647)
bfinnerty@andrewslawoffice.com
RYAN J. ANDREWS (FBN 0104703)
ryan@andrewslawoffice.com
service@andrewslawoffice.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by electronic transmission this 27th day of October, 2017, to:

W. Peter Martin, Esq.
Dennis, Jackson, Martin & Fontela, P.A.
1591 Summit Lake Drive, Suite 200
Tallahassee, Florida 32317
peter@djmf-law.com
jmauer@djmf-law.com
jennifer@djmf-law.com
*Atty for FDOC*

Jeffrey S. Howell, Esq.
Phipps & Howell
201 South Monroe Street, 4th Floor (32301)
Post Office Box 1351
Tallahassee, Florida 32302
jeff@phipps-howell.com
Margaret@phipps-howell.com
*Atty for Housholder, Jones a/k/a Franklin, Riley & Greene*

Brian C. Keri, Esq.
The Law Offices of Brian C. Keri, PA
3375-H Capital Circle NW, Suite 4
Tallahassee FL 32308
brianckeri@earthlink.net
michellemsmith@earthlink.net
*Atty for Austin, Brown, Burch, Gillikin, Hamm, Hampton, Martina & Spangler*

Thomas Thompson, Esq.
Mallory R. Bennett, Esq.
Thompson, Crawford & Smiley
1300 Thomasville Road
Tallahassee, FL 32303
tom@tcslawfirm.net
mallory@tcslawfirm.net
tcslaw@aol.com
lauren@tcslawfirm.net
*Atty for Choudhary*

/s/ **Steven R. Andrews**
STEVEN R. ANDREWS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AMANDA CIMILLO, as
Personal Representative of the
Estate of RANDALL JORDAN-APARO,
Deceased and MINOR CHILD APARO
The Natural Child of Randall Jordan-Aparo
By and Through Her Mother and Natural Guardian
Amanda Cimillo,

      Plaintiffs,

vs.                           **CASE NO. 4:16-cv-00584-RH-CAS**

DIANE ANDREWS, ROLLIN AUSTIN,
MITCHELL BROWN, PATRICK BURCH,
MOHAMMAD SALMAN CHOUDHARY, M.D.,
A. JONES (aka LUCY FRANKLIN), SENIOR L.P.N,
CHAD EVANS GILLIKIN,
AMY GOODWIN, SENIOR L.P.N,
MARTHA GREENE, SENIOR L.P.N,
JAMES I. HAMM, KEVIN ALLEN HAMPTON,
PAMELA T. HOUSHOLDER, SENIOR R.N.,
JOSHUA MARTINA, OLA MELISSA RILEY,
SENIOR L.P.N, CHRISTOPHER SPANGLER, and
the FLORIDA DEPARTMENT OF CORRECTIONS

      Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS

      Plaintiff, Estate of Randall Jordan-Aparo, Deceased, by and through its Personal

Representative, Amanda Cimillo, and Minor Child Aparo natural minor child of the deceased

Randall Jordan-Aparo, by and through the undersigned counsel, and pursuant to Rule Rules 26

and 34, Federal Rules of Civil Procedure, hereby serves the First Request to Produce to Defendant,

Florida Department of Corrections.



1

## DEFINITIONS

1.     The term "You" and "Your" means the party or parties to whom this request is addressed, including its division, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

2.     The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other business enterprise, governmental body, group of natural persons or the entity.

3.     The term "document" means "document" as described in Rule 34(a) of the Federal Rules of Civil Procedure and shall include all documents within the possession, custody, or control of the Defendants or any agents thereof.    Documents shall include documents held by any subsidiary or any affiliated corporation.  The term "document" also includes any documents which have a physical location in another State or United States Territory.  Further the term "document" also shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographic, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records).

4.     The term "all documents" means every document or group of documents as above defined that are known to You or that can be located or discovered by reasonably diligent efforts.

5.     The term "communication" means any oral or written statement, dialogue, colloquialism, discussion, conversation, agreement, or expression of any kind.

6.     The term "all communication" means each and every communication as above defined that is known to You or about which You have any information.

7.     As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

8.   The term "identify" when used with reference to a natural person means:

a)   the full name and address (or, if the current address is not known, the last known address) of the person;

b)   the full name and address of each employer, each corporation of which the person is an officer or director, and each business in which the person is a principal;

c)   the person's present (or, if the present is not known, the last known) position and the position or positions at the time of the act to which the interrogatory answer relates;

d)   each position the person has ever held with You and the date such positions were held; and,

e)   such other information sufficient to provide full identification of the person.

9.   The term "identify" when used with reference to any other entity other than a natural person means:

a)   the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

b)   each of the entity's officers, directors, shareholders or other principals; and,

c)   any other available information concerning the existence or identity of the entity.

10.   The term "identify" when used with reference to a document or written communication means:

a)   its nature (e.g., letter, telegram, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee;

b)   the identity of each signatory of the document or communication;

c)   the title or heading of the document or communication;

d)   its substance;

e)   its present (or, if the present is not known, the last known) location and custodian;

f)   the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) You, and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof; and,

      g)      the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

11.     The term "DOC" means the Florida Department of Corrections.

## DOCUMENTS REQUESTED

1. Any and all Documents and Communications listed in your initial Rule 26 disclosure section 26(a)(1)(A)(ii).

2. Any and all Documents and Communications, which reference DOC Incident Report Numbers as follows:
   a. 113-210-1387;
   b. 113-210-1387A;
   c. 113-210-1387B;
   d. 113-210-1387C;
   e. 113-210-1387D;
   f. 113-210-1387E and;
   g. 113-210-1387F.

3. Any and all Documents and Communication in the custody and control of DOC that would comprise the complete unredacted medical records maintained DOC for Randal Jordan Aparo within the custody and control of DOC certified complete and accurate by the custodian of records.

4. Any and all Documents and Communications in the custody and control of DOC that would reference or discuss the Medical Records or Medical Condition of Randal Jordan Aparo, while a DOC inmate.

5. Any and all Documents and Communications in the custody and control of DOC that would set forth the complete names of every inmate housed in A-Dorm Housing at Franklin Correctional Institute on September 17, 2010 to September 20, 2010.

6. Any and all Documents and Communications in the custody and control of DOC which reference or comprise the Internal Movement Log for all inmates who were housed in B-Dorm housing at Franklin Correctional Institute from September 10, 2010 to September 30, 2010 including their cell numbers.

7. Any and all Documents and Communication in the custody and control of DOC which reference or comprise the any and all Witness Statement Forms signed by inmates, employees of DOC, and outside law enforcement concerning the incident that happened on September 19, 2010 of Randal Jordan Aparo.

8. Any and all Documents and Communications in the custody and control of DOC which reference any interviews of any inmates, DOC employees, FDLE agents taken during the

4

course of any investigation involving the death of Randal Jordan Aparo including the names of any such persons interviewed and the names any such persons who refused to be interviewed.

9. Any and all Documents and Communications in the custody and control of DOC which would indicate the name of the Chief of Security at Franklin Correctional Institute on September 19, 2010.

10. Any and all Documents and Communications in the custody and control of DOC including all draft Documents, and handwritten notes, recorded statements that would comprise all;

   a. Reports of Persons Using Force against Randal Jordan Aparo while he was an inmate at DOC;

   b. Incident Reports which reference or discuss Randal Jordan Aparo while he was an inmate at DOC;

   c. Report of Force Used Worksheet, from any employee DOC in connection with any Use of Force on Randal Jordan Aparo while confined in DOC;

   d. Risk Assessment for the Use of Chemical Restraint Agents and Electronic Immobilization Devices which reference or discuss Randal Jordan Aparo while he was an inmate at DOC;

   e. DOC Diagram of Injury Form which mention or discuss Randal Jordan Aparo while he was an inmate at DOC;

   f. DOC Emergency Room Records of Randal Jordan Aparo while he was an inmate at DOC;

   g. DOC Authorization for Use of Force for Randal Jordan Aparo while he was an inmate at DOC;

   h. Documents and Communications in the custody and control of DOC authored by the following which mention or discuss Randal Jordan Aparo;
      i. Diane Andrews;
      ii. Rollin Austin;
      iii. C. Gillikin;
      iv. Any institutional inspector;
      v. Any employee of the Inspector Generals Office including Ilsa Hayes;
      vi. James Hamm;
      vii. Deputy Warden T. Copeland;
      viii. Patrick Burch;
      ix. J. Martina;
      x. C. Spangler;
      xi. Markeith Daniels;
      xii. Sgt. FNU Jackson (Franklin CI);

xiii.   Custodian of Records for all Chemical Agents at Franklin CI;

11. Any and all Documents and Communications in the custody and control of DOC that comprise the complete ACISS Investigative Report Logs (33 pages) which mention or discuss Randal Jordan Aparo or any witness or witnesses who provided information in connection with the investigation of Randal Jordan Aparo.

12. Any and all Documents and Communications in the custody and control of DOC that comprise certified copies of the following DOC procedures as of September 19, 2010:

   a.   DC Procedure Title 33-602.10 (5)(B)(1);

   b.   DC Procedure Title 33-602.10 (21)(3)(C)(B);

   c.   DC Procedure Title 33-602.10 (21)(3)(C)(O)(1);

   d.   DC Procedure Title 33-602.10 (21)(3)(C)(O)(3)(b)&(c);

   e.   DC Procedure Title 33-208.002 Rules of Conduct.

13. Any and all Documents and Communications in the custody and control of DOC received from Lisa Flannagan M.D. which relate to Randal Jordan Aparo or the investigation of the death of Randal Jordan Aparo including but not limited to;

   a.   Complaint filed by Lisa Flanagan, M.D. concerning the death of Randal Jordan Aparo;

   b.   Any witness statements of Hantz

   c.   C. Hercule (Medical Executive Director) and Corrections Officer Dave Be Wallace, referenced in BSI Case Summary 10-10857

14. Any and all Documents and Communications in the custody and control of DOC which would indicate the date that all investigative files regarding the death of Randal Jordan Aparo became public records pursuant to Florida Statute 119, and available without exemption.

15. Any and all Documents and Communications in the custody and control of DOC which would indicate the date that a state criminal or federal grand jury investigation commenced concerning the death of Randal Jordan Aparo.

16. Any and all Documents and Communications in the custody and control of DOC which would indicate the date that the State of Florida had completed any criminal investigation concerning the death of Randal Jordan Aparo making the records of such investigation open to the public.

17. Any and all Documents and Communications in the custody and control of DOC which would indicate the date that the Federal Bureau Investigation and/or grand jury investigation commenced concerning the death of Randal Jordan Aparo.

18. Any and all Documents and Communications in the custody and control of DOC which would list the date that Randal Jordan Aparo's death was first listed on the Florida Department of Corrections Inmate Mortality website, at http://www.dc.state.fl.us/pub/mortality/year.html?year=2010, as involving an "Opened FBI/FDLE" investigation.

19. Any and all Documents and Communications in the custody and control of DOC which indicate that the death of Randal Jordan Aparo or aspects related thereto, as of the date of this discovery, is still under active investigation by the FBI, FDLE or any state or federal grand jury.

20. Any and all Documents and Communications in the custody and control of DOC which indicate that the death of Randal Jordan Aparo or aspects related thereto, as of the date of this discovery, is not under active investigation by the FBI, FDLE or any state or federal grand jury as indicated on the March 15, 2017 version of the DOC Inmate Mortality website.

21. Any and all Documents and Communications in the custody and control of DOC which relate to the Memorandum of Understanding (MOU) which relates to the investigation of inmates deaths and which was in effect on September 19, 2010.

22. Any and all Documents and Communications in the custody and control of DOC consisting of the rough investigative notes of DOC inspector Eddie White, Debbie Carter, and Jeff Bertera related to their investigation the death of Randall Jordan Aparo, including but not limited to notes taken at a meeting which occurred at Franklin Correctional Institute at 12:10 p.m. on September 20, 2010.

23. Any and all Documents and Communications in the custody and control of DOC which consist of research undertaken by DOC during the time that Randal Jordan Aparo was an inmate in the custody of DOC related to Osler Webber-Rendo Syndrome.

24. Any and all Documents and Communications in the custody and control of DOC in the possession of DOC including Documents or Communication housed at Jefferson Correctional Institute, which mention or discuss Randal Jordan Aparo or William R. Aron (DC No. S12757) acting as informants in connection with inmate/correction officer activity involving the joint introduction of contraband into Jefferson Correctional Institute.

25. Any and all Documents and Communications in the custody and control of DOC which comprise the unredacted and unedited  Fixed Wing videos of the A-Dorm housing on September 17,18,19, and 20, 2010.

26. Any and all Documents and Communications in the custody and control of DOC which comprise the unredacted and unedited Hand Held videos of the administration of chemical agents on Randal Jordan Aparo on September 19, 2010.

27. Any and all Documents and Communications which in the custody and control of DOC comprise all photographs taken of Randal Jordan Aparo the A-Dorm housing on September 18,19, & 20, 2010.

28. Any and all Documents and Communications in the custody and control of DOC which comprise the video surveillance of the basketball court at Franklin Correctional Institute on September 15, 2010.

29. Any and all Documents and Communications in the custody and control of DOC which comprise the video surveillance of the Franklin Correctional Institute on September 17, 2010 at approximately 1:30 p.m. which would show Randal Jordan Aparo falling to the ground while sitting on the bench.

30. Any and all Documents and Communications in the custody and control of DOC which reference MINS Report No. 357290 and Administrative Appeal No. 10-6-31361.

31. Any and all Documents and Communications in the custody and control of DOC which reference MINS or Incident Report Numbers;

   a. 0000357290;
   b. 0000357029;
   c. 0000356891;
   d. 0000356879;
   e. 0000356871;
   f. 0000356537;
   g. 0000356372;
   h. 0000356325;
   i. 0000356224;
   j. 0000355880;
   k. 0000355583;
   l. 0000355361;
   m. 0000355279;
   n. 0000355233.

32. Any and all Documents and Communications in the custody and control of DOC which reference incident number No. 36-4369.

33. Any and all Documents and Communications in the custody and control of DOC which set forth the bed assignments for all inmates who, where housed in A-Dorm housing on September 17, 18, 19, and 20, 2010.

34. Any and all Documents and Communications in the custody and control of DOC which comprise notes interviews of inmates housed in A-Dorm housing on September 17, 18, 19, and 20, 2010 or other persons including DOC personal or other law enforcement.

35. Any and all Documents and Communications in the custody and control of DOC which references or discuss a DOC Correctional Officer referred to a "Big Jit."

36. Any and all Documents and Communications in the custody and control of DOC which comprise all ACISS data which mention or discuss Randal Jordan Aparo.

37. Any and all Documents and Communications in the custody and control of DOC from any current or former DOC employees which indicate that it was their belief that Randal Jordan Aparo was murdered or otherwise injured by corrections officers at Franklin Correctional Institute on September 17, 18, and 19, 2010.

38. Any and all Documents and Communications in the custody and control of DOC in the nature of interviews conducted by DOC or agents of the Florida Department of Law Enforcement Officers taken from the following persons:

    a.  Pamela T. Householder R.N.;
    b.  Jashon Mobley;
    c.  Leon Sanchez Edwards;
    d.  George Edward Foxworth;
    e.  Mary Salono;
    f.  Lynda Adair;
    g.  Lucy Ann Franklin;
    h.  Rebecca Padgham;
    i.  Brian Fogarty;
    j.  Wilton R. Cloud (*aka* Ricky);
    k.  Anita Manning;
    l.  Lisa Mary Flannagan, M.D.;
    m. James Angel;
    n.  Andrew Blare;
    o.  Raleigh M. Broadnax;
    p.  Clinton Brown;
    q.  Walter Cooper;
    r.  Erskine L Curry;
    s.  Dorian Fuller;
    t.  Joshua Griffen;
    u.  Gary Cliff McClain;
    v.  James D. Hamrick;
    w.  Roderick Haygood;
    x.  Harold G. Baker;
    y.  Jeffrey Highsmith;
    z.  Michael Houston;
    aa. Craig Middleton;

bb. Earl Porter;

cc. Jonnie Ravon;

dd. Harry Scott;

ee. Juan Thomas;

ff. Ola Melissa Riley;

gg. Bobby Shiver;

hh. Christopher Alan Spangler;

ii. Nikron Arunakal, M.D.;

jj. Lt. Rollin Suttle Austin;

kk. Harold G. Baker;

ll. Patricia Lemon;

mm.        Martha Jones Green;

nn. Chad Evans Gillikin;

oo. James I. Hamm;

pp. Kenneth L. Malphurs;

qq. Joshua Lee Martina;

rr. Markeith Daniels;

ss. Hantz Hercule;

tt. Dave Wallace;

uu. Mohamad Choudhry, M.D.;

vv. Special Agent Michael Devaney;

ww.        Special Agent Michael Kennedy;

xx. Jeffry Bertera;

yy. Debbie Arant Carter;

zz. Special Agent Supervisor Keith Wilmer;

aaa.        Dan Richardson;

bbb.        Amy George;

ccc.        Crime Lab Analyst Auclar;

ddd.        James Messer;

eee.        Joseph Avram;

fff. Kevin Hampton;

ggg.        Gary McClain;

hhh.        Mitchel Brown;

iii. Patricia Cicirello;

jjj. Billy Tomlin;

kkk.        Rebecca Wilkerson;

lll. Diane Andrews;

mmm.        Margaret Summers.

39. Any and all Documents and Communications in the custody or control of DOC, including
    DOC probation which would indicate the last known names and addresses of:

    a.  Pamela T. Householder R.N.;

    b.  Jashon Mobley;

    c.  Leon Sanchez Edwards;

    d.  George Edward Foxworth;

e.  Mary Salono;

f.  Lynda Adair;

g.  Lucy Ann Franklin;

h.  Rebecca Padgham;

i.  Brian Fogarty;

j.  Wilton R. Cloud (*aka* Ricky);

k.  Anita Manning;

l.  Lisa Mary Flannagan, M.D.;

m.  James Angel;

n.  Andrew Blare;

o.  Raleigh M. Broadnax;

p.  Clinton Brown;

q.  Walter Cooper;

r.  Erskine L Curry;

s.  Dorian Fuller;

t.  Joshua Griffen;

u.  Gary Cliff McClain;

v.  James D. Hamrick;

w.  Roderick Haygood;

x.  Harold G. Baker;

y.  Jeffrey Highsmith;

z.  Michael Houston;

aa. Craig Middleton;

bb. Earl Porter;

cc. Jonnie Ravon;

dd. Harry Scott;

ee. Juan Thomas;

ff.  Ola Melissa Riley;

gg. Bobby Shiver;

hh. Christopher Alan Spangler;

ii.  Nikron Arunakal, M.D.;

jj.  Lt. Rollin Austin;

kk. Harold G. Baker;

ll.  Patricia Lemon;

mm.         Martha Jones Green;

nn. Chad Evans Gillikin;

oo. James I. Hamm;

pp. Kenneth L. Malphurs;

qq. Joshua Lee Martina;

rr.  Markeith Daniels;

ss. Hantz Hercule;

tt.  Dave Wallace;

uu. Mohamad Choudhry, M.D.;

vv. Special Agent Michael Devaney;

ww.         Special Agent Michael Kennedy;

xx. Jeffry Bertera;

11

yy. Debbie Arant Carter;

zz. Special Agent Supervisor Keith Wilmer;

aaa.    Dan Richardson;

bbb.    Amy George;

ccc.    Crime Lab Analyst Auclar;

ddd.    James Messer;

eee.    Joseph Avram;

fff. Kevin Hampton;

ggg.    Gary McClain;

hhh.    Mitchel Brown;

iii. Patricia Cicirello;

jjj. Billy Tomlin;

kkk.    Rebecca Wilkerson;

lll. Diane Andrews;

mmm.    Margaret Summers;

nnn.    Marlin Tomlin;

ooo.    Billy Tomlin;

ppp.    McKinley Womack;

qqq.    Audrey Massey;

rrr.    John M. Jackson

40. Any and all Documents and Communications in the custody and control of DOC which would indicate the bunk assignments for all inmates assigned to A-Dorm housing at Franklin Correctional Institute on September 17, 18, 19, and 20, 2010.

41. Any and all Documents and Communications in the custody and control of DOC reflecting discipline administered to those persons named in Bureau of State Investigation Case Summary Case No. 10-1-8057.

42. Any and all Documents and Communications in the custody and control of DOC reflecting Communications from FBI Agent Teresa Gustafson to any person employed by the DOC which mention or discuss Randal Jordan Aparo.

43. Any and all Documents and Communications in the custody and control of DOC reflecting a meeting which occurred on October 9, 2013 in the custody and control of DOC relating to the death of Randal Jordan Aparo.

44. Any and all Documents and Communications in the custody and control of DOC in the nature of a 37 page timeline of the fixed wing videos and hand held video in the possession, custody or control of the department of corrections.

45. Any and all Documents and Communications in the custody and control of DOC comprising the DOC Inspector General file for Case No. 13-9886 including but not limited to all reports from Margaret Summers.

46. Any and all Documents and Communications in the custody and control of DOC comprising the report of Margaret Summers, Crime Intelligence Analyst regarding the Summary of Wing Video – Franklin C.I., 19/19/2010, 2nd Shift, 10:55AM – 3:45PM dated May 27, 2014.

47. Any and all Documents and Communications in the custody and control of DOC comprising audio tape recordings of inmate phone calls made between September 19, 2010 and December 31, 2010, which mentioned Randal Jordan Aparo.

48. Any and all Documents and Communications in the custody and control of DOC comprising or mentioning Florida Department of Law Enforcement file No. 20100102282

Respectfully submitted,

The Law Offices of
STEVEN R. ANDREWS, P.A.
822 North Monroe Street
Tallahassee, Florida 32303
(850) 681-6416 FAX: 681-6984

*//s// Steven R. Andrews*
STEVEN R. ANDREWS (FBN 0263680)
service@andrewslawoffice.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by

electronic transmission this 15th day of March, 2017, to:

W. Peter Martin
Dennis, Jackson, Martin & Fontela, P.A.
1591 Summit Lake Drive, Suite 200
Tallahassee, Florida 32317
peter@djmf-law.com

/s/ *Steven R. Andrews*
STEVEN R. ANDREWS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**AMANDA CIMILLO,** as
Personal Representative of the
Estate of **RANDALL JORDAN-**
**APARO,** Deceased and **MINOR**
**CHILD APARO, the Natural**
**Child of Randall Jordan-Aparo**
By and Through Her Mother and
Natural Guardian **Amanda Cimillo,**

      Plaintiffs,

vs.                              **CASE NO.: 4:16-cv-00584-RH-CAS**

**DIANE ANDREWS, ET AL,**

      Defendants.

_____/

**DEFENDANT DEPARTMENT OF CORRECTIONS'**
**RESPONSE TO PLAINTIFF'S FIRST REQUEST TO PRODUCE**

      Defendant Department of Corrections ("DOC") responds to Plaintiff's first

request to produce and will produce those documents which exist and are in its

possession as follows:

1.    Any and all Documents and Communications listed in your initial Rule 26
disclosure section 26(a)(1)(A)(ii).

      a.    Any and all documents produced by the Plaintiff.

             Plaintiff has not produced any documents.

      b.    All employee handbooks, policies, procedure, and other similar
documents as were in effect with the Defendant during the relevant time period.

1



DOC objects to this request on the grounds that it is overbroad, burdensome, and vague.

c.      Decedent's inmate administrative and medical files of DOC.

See Folders H and __ being transmitted separately (applies to all Folders).

d.      Bureau of State Investigations Case Summary, Case Number 10-1 8057.

See Folder A.

e.      The Florida Department of Law Enforcement Investigative Report; Case   Number: TL -37-0003.

See Folder A

f.      DOC Reports of Force Used, Authorizations for Use of Force, Worksheets, Incident Reports, Witness Statements and Chemical Agent Accountability Log.

See Folders A and I.

g.      Relatives/References sheets regarding decedent.

See Folder K.

h.      DOC Death Investigation Case 13-13339.

See Folder A.

i.      DOC Death Investigation Case 13-9886.

See Folder A.

j.      All documents obtained through third party subpoenas.

None.

2.     Any and all Documents and Communications, which reference DOC
Incident Report Numbers as follows:

    a.  113-210-1387;
    b.  113-210-1387A;
    c.  113-210-1387B;
    d.  113-210-1387C;
    e.  113-210-1387D;
    f.  113-210-1387E and;
    g.  113-210-1387F.

    See Folder I.

3.     Any and all Documents and Communication in the custody and control of
DOC that would comprise the complete unredacted medical records maintained
DOC for Randal Jordan Aparo within the custody and control of DOC certified
complete and accurate by the custodian of records.

    See Folder H.

4.     Any and all Documents and Communications in the custody and control of
DOC that would reference or discuss the Medical Records or Medical Condition of
Randal Jordan Aparo, while a DOC inmate.

    See Folder H.

5.     Any and all Documents and Communications in the custody and control of
DOC that would set forth the complete names of every inmate housed in A-Dorm
Housing at Franklin Correctional Institute on September 17, 2010 to September 20,
2010.

    See Folder C.

6.     Any and all Documents and Communications in the custody and control of
DOC which reference or comprise the Internal Movement Log for all inmates who
were housed in B-Dorm housing at Franklin Correctional Institute from September
10, 2010 to September 30, 2010 including their cell numbers.

    See Folder C.

7.     Any and all Documents and Communication in the custody and control of DOC which reference or comprise the any and all Witness Statement Forms signed by inmates, employees of DOC, and outside law enforcement concerning the incident that happened on September 19, 2010 of Randal Jordan Aparo.

      See Folders A and L.

8.     Any and all Documents and Communications in the custody and control of DOC which reference any interviews of any inmates, DOC employees, FDLE agents taken during the course of any investigation involving the death of Randal Jordan Aparo including the names of any such persons interviewed and the names any such persons who refused to be interviewed.

      See Folders A and L.

9.     Any and all Documents and Communications in the custody and control of DOC which would indicate the name of the Chief of Security at Franklin Correctional Institute on September 19, 2010.

      See Folder I.

10.    Any and all Documents and Communications in the custody and control of DOC including all draft Documents, and handwritten notes, recorded statements that would comprise all:

      a.     Reports of Persons Using Force against Randal Jordan Aparo while he was an inmate at DOC;

      b.     Incident Reports which reference or discuss Randal Jordan-Aparo while he was an inmate at DOC;

      c.     Report of Force Used Worksheet, from any employee DOC in connection with any Use of Force on Randal Jordan Aparo while confined in DOC;

      d.     Risk Assessment for the Use of Chemical Restraint Agents and Electronic Immobilization Devices which reference or discuss Randal Jordan Aparo while he was an inmate at DOC;

4

e.  DOC Diagram of Injury Form which mention or discuss Randal Jordan Aparo while he was an inmate at DOC;

f.  DOC Emergency Room Records of Randal Jordan Aparo while he was an inmate at DOC;

g.  DOC Authorization for Use of Force for Randal Jordan Aparo while he was an inmate at DOC;

Regarding 10.a-g:  see Folders A, F, H and I.

h.  Documents and Communications in the custody and control of DOC authored by the following which mention or discuss Randal Jordan Aparo;

     i.  Diane Andrews;
     ii.  Rollin Austin;
     iii.  C. Gillikin;
     iv.  Any institutional inspector;
     v.  Any employee of the Inspector General's Office including Ilsa Hayes;
     vi.  James Hamm;
     vii.  Deputy Warden T. Copeland;
     viii.  Patrick Burch;
     ix.  J. Martina;
     x.  C. Spangler;
     xi.  Markeith Daniels;
     xii.  Sgt. FNU Jackson (Franklin CI);
     xiii.  Custodian of Records for all Chemical Agents at Franklin CI;

DOC objects to Request 10.h(i-xii) on the grounds that it is overbroad and burdensome, and not reasonably calculated to lead to admissible evidence; otherwise see Folders A, C, F, H, I, and J.

11.  Any and all Documents and Communications in the custody and control of DOC that comprise the complete ACISS Investigative Report Logs (33 pages) which mention or discuss Randal Jordan Aparo or any witness or witnesses who provided information in connection with the investigation of Randal Jordan Aparo.

See Folders A, F, I, and L.

12.    Any and all Documents and Communications in the custody and control of DOC that comprise certified copies of the following DOC procedures as of September 19, 2010:

    a.    DC Procedure Title 33-602.10 (5)(B)(1);

    b.    DC Procedure Title 33-602.10 (21)(3)(C)(B);

    c.    DC Procedure Title 33-602.10 (21)(3)(C)(O)(1);

    d.    DC Procedure Title 33-602.10 (21)(3)(C)(O)(3)(b)&(c);

    e.    DC Procedure Title 33-208.002 Rules of Conduct.

These Procedures are as easily available and accessible to Plaintiff as the Defendants, and can be found online from DOC's website.

13.    Any and all Documents and Communications in the custody and control of DOC received from Lisa Flannagan M.D. which relate to Randal Jordan Aparo or the investigation of the death of Randal Jordan Aparo including but not limited to;

    a.    Complaint filed by Lisa Flanagan, M.D. concerning the death of Randal Jordan Aparo;

    b.    Any witness statements of Hantz

    c.    C. Hercule (Medical Executive Director) and Corrections Officer Dave Be Wallace, referenced in BSI Case Summary 10-10857

For 13a-c:  see Folders A and E.

14.    Any and all Documents and Communications in the custody and control of DOC which would indicate the date that all investigative files regarding the death of Randal Jordan Aparo became public records pursuant to Florida Statute 119, and available without exemption.

See Folder A (Activity Reports)

15.    Any and all Documents and Communications in the custody and control of DOC which would indicate the date that a state criminal or federal grand jury investigation commenced concerning the death of Randal Jordan Aparo.

    None.

16.    Any and all Documents and Communications in the custody and control of DOC which would indicate the date that the State of Florida had completed any criminal investigation concerning the death of Randal Jordan Aparo making the records of such investigation open to the public.

    See Folder L.

17.    Any and all Documents and Communications in the custody and control of DOC which would indicate the date that the Federal Bureau Investigation and/or grand jury investigation commenced concerning the death of Randal Jordan Aparo.

    See Folder L.

18.    Any and all Documents and Communications in the custody and control of DOC which would list the date that Randal Jordan Aparo's death was first listed on the Florida Department of Corrections Inmate Mortality website, at http://www.dc.state.fl.us/pub/mortality/year.html?year=2010, as involving an "Opened FBI/FDLE" investigation.

    See Folder M.

19.    Any and all Documents and Communications in the custody and control of DOC which indicate that the death of Randal Jordan Aparo or aspects related thereto, as of the date of this discovery, is still under active investigation by the FBI, FDLE or any state or federal grand jury.

    It is DOC's understanding that there are no ongoing or "active investigation[s] by the FBI, FDLE, or any state or federal grand jury." Therefore, no such documents would exist.

20.    Any and all Documents and Communications in the custody and control of DOC which indicate that the death of Randal Jordan Aparo or aspects related thereto, as of the date of this discovery, is not under active investigation by the

FBI, FDLE or any state or federal grand jury as indicated on the March 15, 2017 version of the DOC Inmate Mortality website.

See response to request 19 above.

21.  Any and all Documents and Communications in the custody and control of DOC which relate to the Memorandum of Understanding (MOU) which relates to the investigation of inmates deaths and which was in effect on September 19, 2010.

See Folder G.

22.  Any and all Documents and Communications in the custody and control of DOC consisting of the rough investigative notes of DOC inspector Eddie White, Debbie Carter, and Jeff Bertera related to their investigation the death of Randall Jordan Aparo, including but not limited to notes taken at a meeting which occurred at Franklin Correctional Institute at 12:10 p.m. on September 20, 2010.

See Folder A.

23.  Any and all Documents and Communications in the custody and control of DOC which consist of research undertaken by DOC during the time that Randal Jordan Aparo was an inmate in the custody of DOC related to Osler Webber-Rendu Syndrome.

See Folder H above.

24.  Any and all Documents and Communications in the custody and control of DOC in the possession of DOC including Documents or Communication housed at Jefferson Correctional Institute, which mention or discuss Randal Jordan Aparo or William R. Aron (DC No. S12757) acting as informants in connection with inmate/correction officer activity involving the joint introduction of contraband into Jefferson Correctional Institute.

None.

25.  Any and all Documents and Communications in the custody and control of DOC which comprise the unredacted and unedited  Fixed Wing videos of the A-Dorm housing on September 17,18,19, and 20, 2010.

8

DVDs will be copied by a professional copying service and delivered to Plaintiff's counsel at their cost.

26.    Any and all Documents and Communications in the custody and control of DOC which comprise the unredacted and unedited  Hand Held videos of the administration of chemical agents on Randal Jordan Aparo on September 19, 2010.

See response to request #25 above.

27.    Any and all Documents and Communications which in the custody and control of DOC comprise all photographs taken of Randal Jordan Aparo the A-Dorm housing on September 18, 19, & 20, 2010.

None.

28.    Any and all Documents and Communications in the custody and control of DOC which comprise the video surveillance of the basketball court at Franklin Correctional Institute on September 15, 2010.

None.

29.    Any and all Documents and Communications in the custody and control of DOC which comprise the video surveillance of the Franklin Correctional Institute on September 17, 2010 at approximately 1:30 p.m. which would show Randal Jordan Aparo falling to the ground while sitting on the bench.

None.

30.    Any and all Documents and Communications in the custody and control of DOC which reference MINS Report No. 357290 and Administrative Appeal No. 10-6-31361.

See Folder F.

31.    Any and all Documents and Communications in the custody and control of DOC which reference MINS or Incident Report Numbers;

a.    0000357290;
b.    0000357029;
c.    0000356891;

d.    0000356879;
e.    0000356871;
f.    0000356537;
g.    0000356372;
h.    0000356325;
i.    0000356224;
j.    0000355880;
k.    0000355583;
l.    0000355361;
m.   0000355279;
n.    0000355233.

See Folder F.

32.   Any and all Documents and Communications in the custody and control of DOC which reference incident number No. 36-4369.

See Folder I.

33.   Any and all Documents and Communications in the custody and control of DOC which set forth the bed assignments for all inmates who, where housed in A-Dorm housing on September 17, 18, 19, and 20, 2010.

See Folder C.

34.   Any and all Documents and Communications in the custody and control of DOC which comprise notes interviews of inmates housed in A-Dorm housing on September 17, 18, 19, and 20, 2010 or other persons including DOC personal or other law enforcement.

See Folder L.

35.   Any and all Documents and Communications in the custody and control of DOC which references or discuss a DOC Correctional Officer referred to a "Big Jit."

None.

36.    Any and all Documents and Communications in the custody and control of DOC which comprise all ACISS data which mention or discuss Randal Jordan Aparo.

    See Folder A.

37.    Any and all Documents and Communications in the custody and control of DOC from any current or former DOC employees which indicate that it was their belief that Randal Jordan Aparo was murdered or otherwise injured by corrections officers at Franklin Correctional Institute on September 17, 18, and 19, 2010.

    None.

38.    Any and all Documents and Communications in the custody and control of DOC in the nature of interviews conducted by DOC or agents of the Florida Department of Law Enforcement Officers taken from the following persons:

    a.    Pamela T. Householder R.N.;
    b.    Jashon Mobley;
    c.    Leon Sanchez Edwards;
    d.    George Edward Foxworth;
    e.    Mary Salono;
    f.    Lynda Adair;
    g.    Lucy Ann Franklin;
    h.    Rebecca Padgham;
    i.    Brian Fogarty;
    j.    Wilton R. Cloud (*aka* Ricky);
    k.    Anita Manning;
    l.    Lisa Mary Flannagan, M.D.;
    m.    James Angel;
    n.    Andrew Blare;
    o.    Raleigh M. Broadnax;
    p.    Clinton Brown;
    q.    Walter Cooper;
    r.    Erskine L Curry;
    s.    Dorian Fuller;
    t.    Joshua Griffen;
    u.    Gary Cliff McClain;
    v.    James D. Hamrick;
    w.    Roderick Haygood;

11

x.    Harold G. Baker;

y.    Jeffrey Highsmith;

z.    Michael Houston;

aa.    Craig Middleton;

bb.    Earl Porter;

cc.    Jonnie Ravon;

dd.    Harry Scott;

ee.    Juan Thomas;

ff.    Ola Melissa Riley;

gg.    Bobby Shiver;

hh.    Christopher Alan Spangler;

ii.    Nikron Arunakal, M.D.;

jj.    Lt. Rollin Suttle Austin;

kk.    Harold G. Baker;

ll.    Patricia Lemon;

mm.    Martha Jones Green;

nn.    Chad Evans Gillikin;

oo.    James I. Hamm;

pp.    Kenneth L. Malphurs;

qq.    Joshua Lee Martina;

rr.    Markeith Daniels;

ss.    Hantz Hercule;

tt.    Dave Wallace;

uu.    Mohamad Choudhry, M.D.;

vv.    Special Agent Michael Devaney;

ww.    Special Agent Michael Kennedy;

xx.    Jeffry Bertera;

yy.    Debbie Arant Carter;

zz.    Special Agent Supervisor Keith Wilmer;

aaa.    Dan Richardson;

bbb.    Amy George;

ccc.    Crime Lab Analyst Auclar;

ddd.    James Messer;

eee.    Joseph Avram;

fff.    Kevin Hampton;

ggg.    Gary McClain;

hhh.    Mitchel Brown;

iii.    Patricia Cicirello;

jjj.    Billy Tomlin;

kkk.    Rebecca Wilkerson;

        lll.    Diane Andrews;
        mmm.     Margaret Summers.

See Folders A and L.

39.    Any and all Documents and Communications in the custody or control of DOC, including DOC probation which would indicate the last known names and addresses of:

    a.    Pamela T. Householder R.N.;
    b.    Jashon Mobley;
    c.    Leon Sanchez Edwards;
    d.    George Edward Foxworth;
    e.    Mary Salono;
    f.    Lynda Adair;
    g.    Lucy Ann Franklin;
    h.    Rebecca Padgham;
    i.    Brian Fogarty;
    j.    Wilton R. Cloud (*aka* Ricky);
    k.    Anita Manning;
    l.    Lisa Mary Flannagan, M.D.;
    m.    James Angel;
    n.    Andrew Blare;
    o.    Raleigh M. Broadnax;
    p.    Clinton Brown;
    q.    Walter Cooper;
    r.    Erskine L Curry;
    s.    Dorian Fuller;
    t.    Joshua Griffen;
    u.    Gary Cliff McClain;
    v.    James D. Hamrick;
    w.    Roderick Haygood;
    x.    Harold G. Baker;
    y.    Jeffrey Highsmith;
    z.    Michael Houston;
    aa.    Craig Middleton;
    bb.    Earl Porter;
    cc.    Jonnie Ravon;
    dd.    Harry Scott;
    ee.    Juan Thomas;

ff.    Ola Melissa Riley;

gg.    Bobby Shiver;

hh.    Christopher Alan Spangler;

ii.    Nikron Arunakal, M.D.;

jj.    Lt. Rollin Austin;

kk.    Harold G. Baker;

ll.    Patricia Lemon;

mm.    Martha Jones Green;

nn.    Chad Evans Gillikin;

oo.    James I. Hamm;

pp.    Kenneth L. Malphurs;

qq.    Joshua Lee Martina;

rr.    Markeith Daniels;

ss.    Hantz Hercule;

tt.    Dave Wallace;

uu.    Mohamad Choudhry, M.D.;

vv.    Special Agent Michael Devaney;

ww.    Special Agent Michael Kennedy;

xx.    Jeffry Bertera;

yy.    Debbie Arant Carter;

zz.    Special Agent Supervisor Keith Wilmer;

aaa.    Dan Richardson;

bbb.    Amy George;

ccc.    Crime Lab Analyst Auclar;

ddd.    James Messer;

eee.    Joseph Avram;

fff.    Kevin Hampton;

ggg.    Gary McClain;

hhh.    Mitchel Brown;

iii.    Patricia Cicirello;

jjj.    Billy Tomlin;

kkk.    Rebecca Wilkerson;

lll.    Diane Andrews;

mmm.    Margaret Summers;

nnn.    Marlin Tomlin;

ooo.    Billy Tomlin;

ppp.    McKinley Womack;

qqq.    Audrey Massey;

rrr.    John M. Jackson

DOC objects to this request with regard to current or former DOC employees whose addresses are protected from disclosure by law.

40.     Any and all Documents and Communications in the custody and control of DOC which would indicate the bunk assignments for all inmates assigned to A-Dorm housing at Franklin Correctional Institute on September 17, 18, 19, and 20, 2010.

See Folder C.

41.     Any and all Documents and Communications in the custody and control of DOC reflecting discipline administered to those persons named in Bureau of State Investigation Case Summary Case No. 10-1-8057.

See Folder A.

42.     Any and all Documents and Communications in the custody and control of DOC reflecting Communications from FBI Agent Teresa Gustafson to any person employed by the DOC which mention or discuss Randal Jordan Aparo.

See Folders B and L.

43.     Any and all Documents and Communications in the custody and control of DOC reflecting a meeting which occurred on October 9, 2013 in the custody and control of DOC relating to the death of Randal Jordan Aparo.

DOC objects to this request on the grounds that it is vague and ambiguous; otherwise, see Folders A and L.

44.     Any and all Documents and Communications in the custody and control of DOC in the nature of a 37 page timeline of the fixed wing videos and hand held video in the possession, custody or control of the department of corrections.

See Folder A.

45.     Any and all Documents and Communications in the custody and control of DOC comprising the DOC Inspector General file for Case No. 13-9886 including but not limited to all reports from Margaret Summers.

See Folder A.

46.    Any and all Documents and Communications in the custody and control of DOC comprising the report of Margaret Summers, Crime Intelligence Analyst regarding the Summary of Wing Video – Franklin C.I., 19/19/2010, 2nd Shift, 10:55AM – 3:45PM dated May 27, 2014.

     See Folder A.

47.    Any and all Documents and Communications in the custody and control of DOC comprising audio tape recordings of inmate phone calls made between September 19, 2010 and December 31, 2010, which mentioned Randal Jordan Aparo.

     See Folder D.

48.    Any and all Documents and Communications in the custody and control of DOC comprising or mentioning Florida Department of Law Enforcement file No. 20100102282.

     See Folder L.

**DENNIS, JACKSON, MARTIN & FONTELA, P.A.**

By*: /s/ William Peter Martin*
Peter@djmf-law.com
FL Bar ID No. 0843024
1591 Summit Lake Drive, Suite 200
Tallahassee, FL 32317
(850) 422-3345
(850) 422-1325 (Fax)
Attorney for DOC and Defendant Andrews

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been

furnished via electronic mail on this 2nd day of June, 2017, to:

Steven R. Andrews, Esquire
The Law Offices of Steven R. Andrews
822 North Monroe Street
Tallahassee, Florida 32303
steve@andrewslawoffice.com
natalie@andrewslawoffice.com
ryan@andrewslawoffice.com
tewis@andrewslawoffice.com
Attorney for Plaintiff

Brian C. Keri, Esquire
1538 Metro Blvd., #A1
Tallahassee, Florida 32308
brianckeri@earthlink.net
Attorney for Defendants Austin, Burch, Brown, Gillikin, Hamm, Hampton, Martina and Spangler

Jeff Howell, Esquire
Phipps & Howell
P.O. Box 1351
Tallahassee, Florida 32302
jeff@phipps-howell.com
margaret@phipps-howell.com
Attorney for Defendants Franklin, Goodwin, Greene, Housholder and Riley

**DENNIS, JACKSON, MARTIN & FONTELA, P.A.**

By*: **William Peter Martin***
Peter@djmf-law.com
FL Bar ID No. 0843024
1591 Summit Lake Drive, Suite 200
Tallahassee, FL 32317
(850) 422-3345
(850) 422-1325 (Fax)
Attorneys for DOC and Defendant Andrews

17



COMPU CESSORY™

CD-RW
CD ReWritable
80MIN/700MB

12X
COMPATIBLE

Cimillo v Doc, et al
Doc's responses to
Π's RTP

**Kelly, Dana**

| | |
|---|---|
| **From:** | Gustafson, Teresa S. <Teresa.Gustafson@ic.fbi.gov> |
| **Sent:** | Tuesday, June 24, 2014 1:35 PM |
| **To:** | Rhew-Miller, Karen (USAFLN); Devaney, Michael |
| **Cc:** | Canova, Chris (USAFLN) |
| **Subject:** | Re: Public Disclosure |

Hi karen,

I'll need to defer to Mike Devaney. He's the subject matter expert on this case.

Teresa

**From**: Rhew-Miller, Karen (USAFLN) <Karen.Rhew-Miller@usdoj.gov>
**To**: Mike Devaney (michaeldevaney@fdle.state.fl.us) (michaeldevaney@fdle.state.fl.us)
<michaeldevaney@fdle.state.fl.us>; Gustafson, Teresa S.
**Cc**: Canova, Chris (USAFLN)
**Sent**: Tue Jun 24 13:26:31 2014
**Subject**: Public Disclosure

Mike and Teresa - I sent an email to DOC saying we didn't object to release of the case opening predicate, or the September 2010 reports of the use of force and discovery of Aparo's body. However, I had missed the last report on the attachment, which refers to Aparo's providing information leading to a drug arrest at Jefferson CI. See the excerpt below. DOC says the incident is "unrelated" and is already in the public, but this is information that would have been available in the DOC computer system for anyone to read and could have led to Aparo's being labeled as an informant. There are two aspects to this. First, it's information that four months before his death, Aparo provided information on a prison related drug case. And second, that this information was entered in a "Mins" report in the DOC system and was available to anyone looking up info on Aparo. Do we have any reason to believe that 1) Aparo's provision of information below could have provided a motive for any mistreatment or 2) that this information definitely DID NOT figure into any officials' treatment of Aparo?

DESCRIPTION OF INCIDENT:
    ON 5-21-2010 AT APPROXIMATELY 9:00 A.M. WHILE SUPERVISING
    SQUAD #14, INMATE JORDAN APARO, SANEWIL (C#739855 HAD
    INFORMMEME THAT TWO DRUG DROPS WERE TO BE MADE TODAY. ONE WAS
    TO BE MADE HERE AT THE INSTITUTION BY BIG JOE ROAD UNDER THE
    THIRD TREE AT 9:00 A.M. THE SECOND DROP POINT WAS TO BE MADE
    AT THE CITY DEPARTMENT YARD AT 12:00 P.M. THE MONTICELLO
    POLICE DEPARTMENT WAS NOTIFIED AND SET UP SURVEILLANCE ON
    THE DROP POINT AND AN ARREST WAS MADE.

*Karen Rhew-Miller*
Senior Litigation Counsel
Northern District of Florida
111 N. Adams St., 4th Floor
Tallahassee, Florida 32301
ph. (850) 942-8430
fax (850) 942-8424


EXHIBIT
C

FDLE RSP TO SUBP DATED MARCH 15, 2017-0558

```
09/25/2017              FLORIDA DEPARTMENT OF CORRECTIONS        PAGE:  1
███████████                  MINS INCIDENT REPORT              TIME 08:35
```

```
PREPARED BY  ██████   HAMPTON, NICOLE        INCIDENT NUMBER: 0000336880
INCIDENT TYPE:█████MISCELLANEOUS/OTHER       STATUS OF INCIDENT: REF. TO MG
REPORT DATE:   05/25/2010                    REPORT TIME:   15:03
INCIDENT DATE: 05/21/2010                    INCIDENT TIME: 03:00
REPORTING FACILITY: 103 JEFFERSON C.I.       INCIDENT REGION: 1
INCIDENT FACILITY : 103 JEFFERSON C.I.       INCIDENT IG OFFICE: 03
INCIDENT LOCATION: 08 OUTSIDE WORK SQUAD     DAY CODE: 5      SHIFT CODE: 2
                                             W-B REVIEW BY:
IG NUMBER: 1014683                           UOF NUMBER:
IG ASSIGNED:                                 DATE ASSIGNED: 06/03/2010
INJURIES: ████   STG/STI INVOLVEMENT: ████   PHYSICAL EVIDENCE RECOVERED: N
USE OF FORCE: N   WEAPONS USED:              INCIDENT VIDEO TAPED: N
ELECTRONIC RESTRAINING DEVICES: N            CHEMICAL AGENTS USED: N
EVIDENCE LOC: N/A
```

```
           NAME              TITLE          BIRTHDATE  R S   ID NUMBER
---------------------  ---------------------  ---------- - - ----------------
COMPLAINANT (S)
  LANDRUM, CHRISTOPHER WARDEN-DC             ██████████  1 1 11988
SUBJECT (S)
  JORDAN-APARO, RANDAL ACTIVE INMATE         01/16/1983  1 1 T37895
  PIERCE, GEREMI .     CIVILIAN                          9 9 OOOOO
WITNESSES (S)
  CURRY, DENNIS W.     CORRECTIONAL OFFICER  ██████████  1 1 4912
```

```
CONTRABAND RECOVERED         TYPE     POSSESS   QUANTITY    UNIT MSR
-------------------------  ------   -------  ----------  --------
```

DESCRIPTION OF INCIDENT:
    ON 5-21-2010 AT APPROXIMATELY 9:00 A.M. WHILE SUPERVISING
    SQUAD #15, INMATE JORDAN-APARO, RANDALL DC#T37895 HAD
    INFORMEME THAT TWO DRUG DROPS WERE TO BE MADE TODAY. ONE WAS
    TO BE MADE HERE AT THE INSTITUTION BY BIG JOE ROAD UNDER THE
    THIRD TREE AT 9:00 A.M. THE SECOND DROP POINT WAS TO BE MADE
    AT THE CITY DEPARTMENT YARD AT 12:00 P.M. THE MONTICELLO
    POLICE DEPARTMENT WAS NOTIFIED AND SET UP SURVEILLANCE ON
    THE DROP POINT AND AN ARREST WAS MADE.

ACTION TAKEN:
    ****RM-OTHER LAW ENFORCEMENT AGENCY HANDLING. /DCA****



EXHIBIT

D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AMANDA CIMILLO, as
Personal Representative of the
Estate of RANDALL JORDAN-APARO,
Deceased and MINOR CHILD APARO
The Natural Child of Randall Jordan-Aparo
By and Through Her Mother and Natural
Guardian Amanda Cimillo,

      Plaintiffs,

vs.                          **CASE NO. 4:16-cv-00584-RH-CAS**

DIANE ANDREWS, ROLLIN AUSTIN,
MITCHELL BROWN, PATRICK BURCH,
A. JONES (aka LUCY FRANKLIN), SENIOR L.P.N,
CHAD EVANS GILLIKIN, AMY GOODWIN,
SENIOR L.P.N, MARTHA GREENE, SENIOR L.P.N,
JAMES HAMM, KEVIN ALLEN HAMPTON,
PAMELA T. HOUSHOLDER, SENIOR R.N.,
JOSHUA MARTINA, OLA MELISSA RILEY,
SENIOR L.P.N, CHRISTOPHER SPANGLER, and
the FLORIDA DEPARTMENT OF CORRECTIONS

      Defendants.

_____/

### PLAINTIFF'S REQUEST TO PRODUCE TO DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS DATED SEPTEMBER 8, 2017

Plaintiff, Estate of Randall Jordan-Aparo, Deceased, by and through its Personal

Representative, Amanda Cimillo, and Minor Child Aparo The Natural Child of Randall Jordan-

Aparo, by and through the undersigned counsel, and pursuant to Rules 26 and 34, Federal Rules

of Civil Procedure, hereby serves the Fourth Request to Produce to Defendants, Florida

Department of Corrections (DOC).



1

## DEFINITIONS

1.     The term "You" and "Your" means the party or parties to whom this request is addressed, including its division, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

2.     The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other business enterprise, governmental body, group of natural persons or the entity.

3.     The term "document" means "document" as described in Rule 34(a) of the Federal Rules of Civil Procedure and shall include all documents within the possession, custody, or control of the Defendants or any agents thereof.   Documents shall include documents held by any subsidiary or any affiliated corporation. The term "document" also includes any documents which have a physical location in another State or United States Territory.  Further the term "document" also shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographic, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records).

4.     The term "all documents" means every document or group of documents as above defined that are known to You or that can be located or discovered by reasonably diligent efforts.

5.     The term "communication" means any oral or written statement, dialogue, colloquialism, discussion, conversation, agreement, or expression of any kind.

6.     The term "all communication" means each and every communication as above defined that is known to You or about which You have any information.

7.     As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

8.      The term "identify" when used with reference to a natural person means:

a)      the full name and address (or, if the current address is not known, the last known address) of the person;

b)      the full name and address of each employer, each corporation of which the person is an officer or director, and each business in which the person is a principal;

c)      the person's present (or, if the present is not known, the last known) position and the position or positions at the time of the act to which the interrogatory answer relates;

d)      each position the person has ever held with You and the date such positions were held; and,

e)      such other information sufficient to provide full identification of the person.

9.      The term "identify" when used with reference to any other entity other than a natural person means:

a)      the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

b)      each of the entity's officers, directors, shareholders or other principals; and,

c)      any other available information concerning the existence or identity of the entity.

10.     The term "identify" when used with reference to a document or written communication means:

a)      its nature (e.g., letter, telegram, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee;

b)      the identity of each signatory of the document or communication;

c)      the title or heading of the document or communication;

d)      its substance;

e)      its present (or, if the present is not known, the last known) location and custodian;

f)      the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) You, and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof; and,

g)      the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

11.     The term "DOC" means the Florida Department of Corrections.

## DOCUMENTS REQUESTED

1. All files and documents related to Randall Jordon-Aparo from Department of Corrections Reception Center, Wakulla Annex, and Jefferson Correctional Institute to the extent not previously requested.

2. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Herold Baker, including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo.

3. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Brandon Williams including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo.

4. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate James Angel, DC# C02033, including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 11, 2013. Please produce the Windows Media File for each such interview containing approximately 1,613 KB and 2,556 KB of Stored Data. (not previously produced)

5. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Andrew A. Blair, DC # T36241 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 9, 2013. Please produce the Windows Media File for such interview containing approximately 1,454 KB of Stored Data. (not previously produced)

6. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Raleigh Broadnax, DC # T03863, including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 9, 2013.

Please produce the Windows Media File for such interview containing approximately 1,493 KB of Stored Data. (not previously produced)

7.  Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Clinton Brown, DC # X20280 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo.

8.  Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Walter Cooper, DC # 593467 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 11, 2013. Please produce the Windows Media File for such interview containing approximately 4,982 KB of Stored Data. (not previously produced)

9.  Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Dorian Fuller, DC # H19621 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 9, 2013. Please produce the Windows Media File for such interview containing approximately 601 KB of Stored Data. (not previously produced)

10. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Joshua V. Griffin, DC # X14480 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 9, 2013. Please produce the Windows Media File for such interview containing approximately 1,966 KB of Stored Data. (not previously produced)

11. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate James D. Hamrick, DC # 249920 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 11, 2013. Please produce the Windows Media File for such interview containing approximately 2,856 KB of Stored Data. (not previously produced)

12. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Roderick Haygood, DC # G03243 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 9, 2013. Please produce the Windows Media File for each such interview containing approximately 575 KB and 357 KB of Stored Data. (not previously produced)

13. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Jeffery R. Highsmith, DC # 272571 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 11, 2013. Please produce the Windows Media File for each such interview containing approximately 171 KB and 3,297 KB of Stored Data. (not previously produced)

14. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Michael Houston, DC # 498927 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 9, 2013. Please produce the Windows Media File for each such interview containing approximately 330 and 3,297 KB of Stored Data. (not previously produced)

15. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Craig Middleton, DC # R32162 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 9, 2013. Please produce the Windows Media File for such interview containing approximately 997 KB of Stored Data. (not previously produced)

16. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Earl Porter, DC # 108290 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 9, 2013. Please produce the Windows Media File for such interview containing approximately 4,617 KB of Stored Data. (not previously produced)

17. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Jonnie Ravon, DC # M28600 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 9, 2013. Please produce the Windows Media File for such interview containing approximately 3,895 KB of Stored Data. (not previously produced)

18. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Harry Scott, DC # 566881 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 9, 2013. Please produce the Windows Media File for such interview containing approximately 766 KB of Stored Data. (not previously produced)

19. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Juan Thomas, DC # X19104 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo. Please produce the Windows Media File for such interview containing approximately 1,964 KB of Stored Data. (not previously produced)

20. Certified Copies of The Complete Department of Corrections file, discipline file, MINS Reports, and any other file maintained by Department of Corrections for Inmate Samuel Wooden, DC # 636568 including any typed or written notes or recorded interviews of any interview conducted by DOC, FDLE, or Federal Bureau of Investigation (FBI) including all 302s in connection with or related to any investigation concerning Randall Jordon-Aparo which occurred on or about September 9, 2013.

21. All interviews including, notes of interviews, notes taken at autopsy of Randall Jordon-Aparo, recordings of interviews, taken in connection with the In-Custody Death Investigation of Randall Jordon-Aparo, taken by:
    a) Special Agent Michael DeVaney FDLE
    b) Special Agent Michael Kennedy FDLE
    c) Law Enforcement Senior Inspector Eddie C. White (DOC)
    d) Law Enforcement Inspector Jeffery Bertera (DOC)
    e) Debbie Carter- Arant Senior Inspector, Office of the Inspector General DOC
    f) Special Agent Supervisor Keith Wilmer (TROC) FDLE
    g) Medical Examiner Lisa Flanagan, MD (Including any taped statements of Dr. Flanagan recorded during the autopsy of Randall Jordon-Aparo)
    h) Crime Laboratory Analyst Amy George (CLA) FDLE
    i) Crime Laboratory Analyst Dan Richardson (CLA) FDLE

j)  Crime Laboratory Analyst Brittany Auclair (CLA) FDLE
k)  Medical Examiner David Stewart, MD
l)  Law Enforcement Inspector Aubrey Land DOC
m) Law Enforcement Inspector John Ulm DOC
n)  Law Enforcement Inspector James Padgett DOC
o)  Senior Registered Nurse Pamela Householder DOC
p)  Senior Licensed Practical Nurse Amy Goodwin DOC
q)  Senior Licensed Practical Nurse Martha Greene DOC
r)  Senior Licensed Practical Nurse Lucy Franklin (Jones) DOC
s)  Senior Licensed Practical Nurse M. Riley DOC
t)  Doctor Muhammad Choudary DOC
u)  Captain Mitchell Brown DOC
v)  Hantz C. Hercule Medical Executive Director DOC
w)  David B. Wallace Correctional Officer DOC
x)  Diane Andrews Warden Franklin CI  DOC
y)  Sargent J. Hamm Corrections Officer DOC
z)  Illisa Hayes (SP) Inspector General Office DOC
aa) Duty Warden Colonel T. Copeland DOC
bb) Lt. Rollin Austin DOC
cc) Correction Officer J. Martina DOC
dd) Correction Officer C. Spangler DOC
ee) Nurse Patricia Lemon DOC
ff) Sargent Chad Gillken DOC
gg) Correction Officer James Messer DOC
hh) Corrections Officer Patrick Burch DOC
ii)  Corrections Officer George Foxworth DOC
jj)  Assistant Warden Ricky Cloud DOC
kk) Corrections Officer Kenneth Malphurs DOC
ll)  Sargent Kevin Hampton DOC aka "Big Git"
mm) Corrections Officer Gary McClane DOC
nn) Corrections Officer who signed the Chemical Agent Accountability Log for
    September 19, 2010
oo) Corrections Officer Patricia Ciciclrello DOC
pp) Dr. Nikroln Arkanar MD DOC
qq) Senior Regional Nurse Supervisor Linda Adair
rr)  Correctional Officer Paul DOC
ss)  Correction Officer Daniels DOC
tt)  Corrections Officer Bobby Shiver DOC
uu) Senior Health Services Administrator Cathy Dovin DOC

22. All Risk Assessment for Use of Chemical Restraint Agents and Electronic
    Immobilization Devices in all Department of Correction facilities Randall Jordon-
    Aparo was housed in.

23. All IGIS (DOC) and AIMS (FDLE) Entries made in connection with FDLE file #
    20100102282 and Agency Number TL-37-0003 or otherwise in connection the In
    Custody Death Investigation of Randall Jordon-Aparo.

24. All Medical Records, Risk Assessments for the Use of Chemical Restraint Agents and Electronic Immobilization Devices which mention or discuss Randall Jordon-Aparo, death cell photos maintained presuit to FDLE Number 201000102282 Agency Number TL-37-003, and security videos taken at Franklin Correctional Institute of Randall Jordon-Aparo on September 19 or 20, 2010 and provided to Dr. Lisa Flanagan on or before commencement of Dr. Flanagan's autopsy.

25. Copy of all Complaints filed by Dr. Lisa Flanagan MD in connection with case # 10-1-8057.

26. Complete Department of Corrections file for "10-18057" which was removed from the Department of Corrections for Legal Review.

27. All Medical Records, Risk Assessments for the Use of Chemical Restraint Agents and Electronic Immobilization Devices which mention or discuss Randall Jordon-Aparo, death cell photos maintained presuit to FDLE Number 201000102282 Agency Number TL-37-003, and security videos taken at Franklin Correctional Institute of Randall Jordon-Aparo on September 19 or 20, 2010 and any other records or photos provided to Dr. Flanagan on or before November 16, 2010.

28. Certified true copy of complete medical and psychology records of Randall Jordon-Aparo maintained by DOC.

29. All Documents which set forth The Chain of Custody of all Documents and Photos or Randall Jordon-Aparo provided to Dr. Lisa Flanagan prior to November 16, 2010.

30. Any Grievance filed my Jashon Mobley with the Department of Corrections, including the request for Administration Remedy or Appeal to the Inspector General received in the central office on October 5, 2010 Administrative Appeal #10-6-31361 MINS Report #357290 relating to a punitive gassing occurring on or about September 27, 2010.

31. Copies of recorded telephone conversations between Inmate Joseph Avram and his sisters (Christina Bullins and Kim Donovan) occurring in September 15, 2010 to September 30, 2010.

32. List of all inmates assigned to the A Dorm, including bunk numbers (unless confinement cell), from September 15, 2010- September 21, 2010.

33. Certified Copies of the Personal File photos of the following Department of Corrections Employees:
    a) Ola Riley
    b) Lucy Franklin (Jones)
    c) Martha Greene
    d) Amy Goodwin
    e) Pamela Householder

      f)  Nikron Aruankal
      g)  Mohammad Choudhary
      h)  Diane Andrews
      i)  Cynthia Colvard
      j)  Ricky Cloud
      k)  Timothy Copeland
      l)  Mitchell Brown
      m) Rolland Austin
      n)  James Hamm
      o)  Patrick Burch
      p)  Chad Gillikin
      q)  Joshua Martina
      r)  Christopher Spangler
      s)  Gary McClanne
      t)  Christin Hatchcock
      u)  Audrey Massey
      v)  Craig Homes
      w) Kevin Hampton
      x)  George Foxworth
      y)  Kenneth Malphurs
      z)  Gregory Messer
      aa) Rickie Holley
      bb) Elton Moore
      cc) Jerrod Hunter
      dd) Dave Wallace

34. The personnel file, discipline file, and any other file similar in nature of Mohammad Salman Choudhary, M.D.

35. 11. The personnel file, discipline file, and any other file similar in nature of Nikron Arunakal, M.D.

36. Complete Certified copy of the MINS Incident Report and all associated documents in connections with an incident occurring on 10/25/10 and having a report date of 11/24/2010, incident number 0000364369 regarding inmate Brian Fogarty.

The Law Offices of
STEVEN R. ANDREWS, P.A.
822 Monroe Street
Tallahassee, Florida 32303
Tel:  (850) 681-6416 / Fax: (850) 681-6984

*/s/ Steven R. Andrews*
STEVEN R. ANDREWS (FBN 0263680)

BRIAN O. FINNERTY (FBN 0094647)
bfinnerty@andrewslawoffice.com
RYAN J. ANDREWS (FBN 104703)
ryan@andrewslawoffice.com
service@andrewslawoffice.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by

electronic transmission and U.S Mail this 8th day of September, 2017, to:

W. Peter Martin
Dennis, Jackson, Martin & Fontela, P.A.
1591 Summit Lake Drive, Suite 200
Tallahassee, Florida 32317
peter@djmf-law.com
jmauer@djmf-law.com
jennifer@djmf-law.com
*Atty for FDOC & Andrews*

Jeffrey S. Howell
Phipps & Howell
201 South Monroe Street, 4th Floor (32301)
Post Office Box 1351
Tallahassee, Florida 32302
jeff@phipps-howell.com
*Atty for Goodwin, Housholder, Jones a/k/a*
*Franklin, Riley & Greene*

Brian C. Keri
The Law Offices of Brian C. Keri, PA
3375-H Capital Circle NW, Suite 4
Tallahassee FL 32308
brianckeri@earthlink.net
michellemsmith@earthlink.net
*Atty for Austin, Brown, Burch, Gillikin, Hamm,*
*Hampton, Martina & Spangler*

/s/ ***Steven R. Andrews***
STEVEN R. ANDREWS

11

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

AMANDA CIMILLO, as
Personal Representative of the
Estate of RANDALL JORDAN-APARO,
Deceased and MINOR CHILD APARO
The Natural Child of Randall Jordan-Aparo
By and Through Her Mother and Natural
Guardian Amanda Cimillo,

       Plaintiffs,

vs.                                   CASE NO. 4:16-cv-00584-RH-CAS

DIANE ANDREWS, ROLLIN AUSTIN,
MITCHELL BROWN, PATRICK BURCH,
A. JONES (aka LUCY FRANKLIN), SENIOR L.P.N,
CHAD EVANS GILLIKIN, AMY GOODWIN,
SENIOR L.P.N, MARTHA GREENE, SENIOR L.P.N,
JAMES HAMM, KEVIN ALLEN HAMPTON,
PAMELA T. HOUSHOLDER, SENIOR R.N.,
JOSHUA MARTINA, OLA MELISSA RILEY,
SENIOR L.P.N, CHRISTOPHER SPANGLER, and
the FLORIDA DEPARTMENT OF CORRECTIONS

       Defendants.
_____/

## PLAINTIFF'S FIFTH REQUEST TO PRODUCE TO DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS DATED SEPTEMBER 17, 2017

    Plaintiff, Estate of Randall Jordan-Aparo, Deceased, by and through its Personal

Representative, Amanda Cimillo, and Minor Child Aparo The Natural Child of Randall Jordan-

Aparo, by and through the undersigned counsel, and pursuant to Rules 26 and 34, Federal Rules

of Civil Procedure, hereby serves the Fourth Request to Produce to Defendants, Florida

Department of Corrections (DOC).



## DEFINITIONS

1.      The term "You" and "Your" means the party or parties to whom this request is addressed, including its division, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

2.      The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other business enterprise, governmental body, group of natural persons or the entity.

3.      The term "document" means "document" as described in Rule 34(a) of the Federal Rules of Civil Procedure and shall include all documents within the possession, custody, or control of the Defendants or any agents thereof.   Documents shall include documents held by any subsidiary or any affiliated corporation. The term "document" also includes any documents which have a physical location in another State or United States Territory. Further the term "document" also shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographic, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records).

4.      The term "all documents" means every document or group of documents as above defined that are known to You or that can be located or discovered by reasonably diligent efforts.

5.      The term "communication" means any oral or written statement, dialogue, colloquialism, discussion, conversation, agreement, or expression of any kind.

6.      The term "all communication" means each and every communication as above defined that is known to You or about which You have any information.

7.      As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

8.     The term "identify" when used with reference to a natural person means:

    a)     the full name and address (or, if the current address is not known, the last known address) of the person;

    b)     the full name and address of each employer, each corporation of which the person is an officer or director, and each business in which the person is a principal;

    c)     the person's present (or, if the present is not known, the last known) position and the position or positions at the time of the act to which the interrogatory answer relates;

    d)     each position the person has ever held with You and the date such positions were held; and,

    e)     such other information sufficient to provide full identification of the person.

9.     The term "identify" when used with reference to any other entity other than a natural person means:

    a)     the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

    b)     each of the entity's officers, directors, shareholders or other principals; and,

    c)     any other available information concerning the existence or identity of the entity.

10.     The term "identify" when used with reference to a document or written communication means:

    a)     its nature (e.g., letter, telegram, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee;

    b)     the identity of each signatory of the document or communication;

    c)     the title or heading of the document or communication;

    d)     its substance;

    e)     its present (or, if the present is not known, the last known) location and custodian;

    f)     the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) You, and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof; and,

    g)     the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

11.    The term "DOC" means the Florida Department of Corrections.

## DOCUMENTS REQUESTED

1.    All Documents and Communications in the possession of DOC regarding the medical folders prepared by or reviewed by Elissa Saavedra as referenced in DOC bates stamp 1031 in their response to Plaintiff's Request to Produce.

2.    All Documents and Communications comprising the DOC Nursing Manual in effect on September 19, 2010.

3.    All Documents and Communications comprising the DOC procedures for Sick Calls and Emergencies as referenced in DOC bates stamp 1031 in their response to Plaintiff's Request to Produce.

4.    All Documents and Communications comprising the rough case notes of Inspector Eddie White and the case notes of Inspector Kelly El-Urfali's notes as referenced in DOC bates stamp 1032 in their response to Plaintiff's Request to Produce.

5.    Copies of any Letters received by Randell Jordan-Aparo while an incarcerated by DOC and in the possession of DOC.

6.    Copies of all Documents and Communication comprising the DOC chest pain and respiratory distress nursing protocols as referenced in DOC bates stamp 1031 in their response to Plaintiff's Request to Produce.

7.    Copies of all Documents and Communication comprising of Taint Team Reports as referenced in DOC bates stamp 1034-1040 in their response to Plaintiff's Request to Produce.

8.    All Documents and Communications that reference or discuss DOC Contractor Walt Edwards as referenced in DOC bates stamp 1034 in their response to Plaintiff's Request to Produce.

9.    Copies of all Documents and Communications relating to the Closing Communications Report as described in DOC bates stamp 1059 in their response to Plaintiff's Request to Produce.

10.    Copies of all Documents and Communications relating to the Case Closing Report for case number 282A-JK-3326191 in the custody of DOC as referenced in DOC bates stamp 1063 in their response to Plaintiff's Request to Produce.

11.    Copies of the complete DOC file for DOC case number 14-11279.

12. Copies of the most recent inventory preformed prior to September 19, 2010 of medical equipment (including diagnostic equipment), antibiotics maintained in the infirmary at Franklin Correctional Institute.

The Law Offices of
STEVEN R. ANDREWS, P.A.
822 Monroe Street
Tallahassee, Florida 32303
Tel: (850) 681-6416 / Fax: (850) 681-6984

*/s/ Steven R. Andrews*
STEVEN R. ANDREWS (FBN 0263680)
BRIAN O. FINNERTY (FBN 0094647)
bfinnerty@andrewslawoffice.com
RYAN J. ANDREWS (FBN 104703)
ryan@andrewslawoffice.com
service@andrewslawoffice.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by

electronic transmission and U.S Mail this 17th day of September, 2017, to:

W. Peter Martin
Dennis, Jackson, Martin & Fontela, P.A.
1591 Summit Lake Drive, Suite 200
Tallahassee, Florida 32317
peter@djmf-law.com
jmauer@djmf-law.com
jennifer@djmf-law.com
*Atty for FDOC & Andrews*

Jeffrey S. Howell
Phipps & Howell
201 South Monroe Street, 4th Floor (32301)
Post Office Box 1351
Tallahassee, Florida 32302
jeff@phipps-howell.com
*Atty for Goodwin, Housholder, Jones a/k/a
Franklin, Riley & Greene*

Brian C. Keri
The Law Offices of Brian C. Keri, PA
3375-H Capital Circle NW, Suite 4
Tallahassee FL 32308
brianckeri@earthlink.net
michellemsmith@earthlink.net
*Atty for Austin, Brown, Burch, Gillikin, Hamm,
Hampton, Martina & Spangler*

/s/ *Steven R. Andrews*
STEVEN R. ANDREWS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**AMANDA CIMILLO, as**
**Personal Representative of the**
**Estate of RANDALL JORDAN-APARO,**
**Deceased and MINOR CHILD APARO**
**The Natural Child of Randall Jordan-Aparo**
**By and Through Her Mother and Natural**
**Guardian Amanda Cimillo,**

       Plaintiffs,

**vs.**                         **CASE NO. 4:16-cv-00584-RH-CAS**

**DIANE ANDREWS, ROLLIN AUSTIN,**
**MITCHELL BROWN, PATRICK BURCH,**
**A. JONES (aka LUCY FRANKLIN), SENIOR L.P.N,**
**CHAD EVANS GILLIKIN, AMY GOODWIN,**
**SENIOR L.P.N, MARTHA GREENE, SENIOR L.P.N,**
**JAMES HAMM, KEVIN ALLEN HAMPTON,**
**PAMELA T. HOUSHOLDER, SENIOR R.N.,**
**JOSHUA MARTINA, OLA MELISSA RILEY,**
**SENIOR L.P.N, CHRISTOPHER SPANGLER, and**
**the FLORIDA DEPARTMENT OF CORRECTIONS**

       Defendants.

_____/

### PLAINTIFF'S SIXTH REQUEST TO PRODUCE TO DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS DATED SEPTEMBER 20, 2017

      Plaintiff, Estate of Randall Jordan-Aparo, Deceased, by and through its Personal

Representative, Amanda Cimillo, and Minor Child Aparo The Natural Child of Randall Jordan-

Aparo, by and through the undersigned counsel, and pursuant to Rules 26 and 34, Federal Rules

of Civil Procedure, hereby serves the Sixth Request to Produce to Defendants, Florida Department

of Corrections (DOC).



EXHIBIT
G

## DEFINITIONS

1.     The term "You" and "Your" means the party or parties to whom this request is addressed, including its division, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

2.     The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other business enterprise, governmental body, group of natural persons or the entity.

3.     The term "document" means "document" as described in Rule 34(a) of the Federal Rules of Civil Procedure and shall include all documents within the possession, custody, or control of the Defendants or any agents thereof.    Documents shall include documents held by any subsidiary or any affiliated corporation.  The term "document" also includes any documents which have a physical location in another State or United States Territory.  Further the term "document" also shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographic, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records).

4.     The term "all documents" means every document or group of documents as above defined that are known to You or that can be located or discovered by reasonably diligent efforts.

5.     The term "communication" means any oral or written statement, dialogue, colloquialism, discussion, conversation, agreement, or expression of any kind.

6.     The term "all communication" means each and every communication as above defined that is known to You or about which You have any information.

7.     As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

8.    The term "identify" when used with reference to a natural person means:

a)    the full name and address (or, if the current address is not known, the last known address) of the person;

b)    the full name and address of each employer, each corporation of which the person is an officer or director, and each business in which the person is a principal;

c)    the person's present (or, if the present is not known, the last known) position and the position or positions at the time of the act to which the interrogatory answer relates;

d)    each position the person has ever held with You and the date such positions were held; and,

e)    such other information sufficient to provide full identification of the person.

9.    The term "identify" when used with reference to any other entity other than a natural person means:

a)    the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

b)    each of the entity's officers, directors, shareholders or other principals; and,

c)    any other available information concerning the existence or identity of the entity.

10.    The term "identify" when used with reference to a document or written communication means:

a)    its nature (e.g., letter, telegram, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee;

b)    the identity of each signatory of the document or communication;

c)    the title or heading of the document or communication;

d)    its substance;

e)    its present (or, if the present is not known, the last known) location and custodian;

f)    the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) You, and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof; and,

g)    the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

11.     The term "DOC" means the Florida Department of Corrections.

12.     The term "IGLOGS" means the Florida Department of Corrections Inspector General complaint or report write system.

13.     The term "MINS" means the Florida Department of Corrections Management Information Note System.

## DOCUMENTS REQUESTED

1.  All Documents or Communications which reference Randall Jordan-Aparo, or any iteration thereof (Aparo, Jordan, Jordan Aparo, Randall Aparo, Randall Jordan, or T37895), contained in IGLOGS.

2.  All Documents or Communications which reference Randall Jordan-Aparo, or any iteration thereof (Aparo, Jordan, Jordan Aparo, Randall Aparo, Randall Jordan, or T37895), contained in MINS.

3.  Any and all Documents or Communications which would identify by name the CDC User *DINSMM4*

The Law Offices of
STEVEN R. ANDREWS, P.A.
822 Monroe Street
Tallahassee, Florida 32303
Tel: (850) 681-6416 / Fax: (850) 681-6984

*/s/ Steven R. Andrews*
STEVEN R. ANDREWS (FBN 0263680)
BRIAN O. FINNERTY (FBN 0094647)
bfinnerty@andrewslawoffice.com
RYAN J. ANDREWS (FBN 104703)
ryan@andrewslawoffice.com
service@andrewslawoffice.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by

electronic transmission this 20th day of September, 2017, to:

W. Peter Martin
Dennis, Jackson, Martin & Fontela, P.A.
1591 Summit Lake Drive, Suite 200
Tallahassee, Florida 32317
peter@djmf-law.com
jmauer@djmf-law.com
jennifer@djmf-law.com
*Atty for FDOC & Andrews*

Jeffrey S. Howell
Phipps & Howell
201 South Monroe Street, 4th Floor (32301)
Post Office Box 1351
Tallahassee, Florida 32302
jeff@phipps-howell.com
*Atty for Goodwin, Housholder, Jones a/k/a
Franklin, Riley & Greene*

Brian C. Keri
The Law Offices of Brian C. Keri, PA
3375-H Capital Circle NW, Suite 4
Tallahassee FL 32308
brianckeri@earthlink.net
michellemsmith@earthlink.net
*Atty for Austin, Brown, Burch, Gillikin, Hamm,
Hampton, Martina & Spangler*

/s/ *Steven R. Andrews*
STEVEN R. ANDREWS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**AMANDA CIMILLO, as**
**Personal Representative of the**
**Estate of RANDALL JORDAN-APARO,**
**Deceased and MINOR CHILD APARO**
**The Natural Child of Randall Jordan-Aparo**
**By and Through Her Mother and Natural**
**Guardian Amanda Cimillo,**

       Plaintiffs,

**vs.**                          **CASE NO. 4:16-cv-00584-RH-CAS**

**DIANE ANDREWS, ROLLIN AUSTIN,**
**MITCHELL BROWN, PATRICK BURCH,**
**A. JONES (aka LUCY FRANKLIN), SENIOR L.P.N,**
**CHAD EVANS GILLIKIN, AMY GOODWIN,**
**SENIOR L.P.N, MARTHA GREENE, SENIOR L.P.N,**
**JAMES HAMM, KEVIN ALLEN HAMPTON,**
**PAMELA T. HOUSHOLDER, SENIOR R.N.,**
**JOSHUA MARTINA, OLA MELISSA RILEY,**
**SENIOR L.P.N, CHRISTOPHER SPANGLER, and**
**the FLORIDA DEPARTMENT OF CORRECTIONS**

       Defendants.

_____/

## PLAINTIFF'S SEVENTH REQUEST TO PRODUCE TO DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS DATED SEPTEMBER 20, 2017

      Plaintiff, Estate of Randall Jordan-Aparo, Deceased, by and through its Personal

Representative, Amanda Cimillo, and Minor Child Aparo The Natural Child of Randall Jordan-

Aparo, by and through the undersigned counsel, and pursuant to Rules 26 and 34, Federal Rules

of Civil Procedure, hereby serves the Seventh Request to Produce to Defendants, Florida

Department of Corrections (DOC).



## DEFINITIONS

1.     The term "You" and "Your" means the party or parties to whom this request is addressed, including its division, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

2.     The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other business enterprise, governmental body, group of natural persons or the entity.

3.     The term "document" means "document" as described in Rule 34(a) of the Federal Rules of Civil Procedure and shall include all documents within the possession, custody, or control of the Defendants or any agents thereof.   Documents shall include documents held by any subsidiary or any affiliated corporation. The term "document" also includes any documents which have a physical location in another State or United States Territory.  Further the term "document" also shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographic, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records).

4.     The term "all documents" means every document or group of documents as above defined that are known to You or that can be located or discovered by reasonably diligent efforts.

5.     The term "communication" means any oral or written statement, dialogue, colloquialism, discussion, conversation, agreement, or expression of any kind.

6.     The term "all communication" means each and every communication as above defined that is known to You or about which You have any information.

7.     As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

8.    The term "identify" when used with reference to a natural person means:

a)    the full name and address (or, if the current address is not known, the last known address) of the person;

b)    the full name and address of each employer, each corporation of which the person is an officer or director, and each business in which the person is a principal;

c)    the person's present (or, if the present is not known, the last known) position and the position or positions at the time of the act to which the interrogatory answer relates;

d)    each position the person has ever held with You and the date such positions were held; and,

e)    such other information sufficient to provide full identification of the person.

9.    The term "identify" when used with reference to any other entity other than a natural person means:

a)    the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

b)    each of the entity's officers, directors, shareholders or other principals; and,

c)    any other available information concerning the existence or identity of the entity.

10.    The term "identify" when used with reference to a document or written communication means:

a)    its nature (e.g., letter, telegram, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee;

b)    the identity of each signatory of the document or communication;

c)    the title or heading of the document or communication;

d)    its substance;

e)    its present (or, if the present is not known, the last known) location and custodian;

f)    the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) You, and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof; and,

g)    the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

3

11.     The term "DOC" means the Florida Department of Corrections.

12.     The term "IGLOGS" means the Florida Department of Corrections Inspector General complaint or report write system.

13.     The term "MINS" means the Florida Department of Corrections Management Information Note System.

## DOCUMENTS REQUESTED

1. All Documents or Communications which reference William R. Aron, DC No: S12757, contained in IGLOGS from January 1, 2009 to present.

2. All Documents or Communications which reference William R. Aron, DC No: S12757, contained in MINS from January 1, 2009 to present.

3. All Documents or Communications in the possession of Defendant DOC which would reference or discuss Inmate William R. Aron, DC No: S12757 as a witness, complainant, subject, confidential informant, victim, participant, in any investigation concerning contraband being introduced to Jefferson Correctional Institution.

4. All Documents or Communications in the possession of Defendant DOC which would reference or discuss Inmate Randall Jordan-Aparo, DC No.: T37895 as a witness, complainant, subject, confidential informant, victim, participant, in any investigation concerning contraband being introduced to Jefferson Correctional Institution.

5. All Documents or Communications contained in the CDC database using the query *IM29 all* related to:
    a.  housing assignments of William R. Aron, DC No: S12757
    b.  housing assignments of Randall Jordan-Aparo, DC No.: T37895
    c.  housing assignments of James Angel, DC No.: C02033
    d.  housing assignments of Andrew A. Blair, DC No.: T36241
    e.  housing assignments of Raleigh Broadnax, DC No.: T03863
    f.  housing assignments of Clinton Brown, DC No.: X20280
    g.  housing assignments of Walter Cooper, DC No.: 593467
    h.  housing assignments of Dorian Fuller, DC No.: H19621
    i.  housing assignments of Joshua V. Griffin, DC No.: X14480
    j.  housing assignments of James D. Hamrick, DC No.: 249920
    k.  housing assignments of Roderick Haygood, DC No.: G03243
    l.  housing assignments of Jeffery R. Highsmith, DC No.: 272571
    m.  housing assignments of Michael Houston, DC No.: 498927
    n.  housing assignments of Craig Middleton, DC No.: R32162
    o.  housing assignments of Earl Porter, DC No.: 108290
    p.  housing assignments of Jonnie Ravon, DC No.: M28600
    q.  housing assignments of Harry Scott, DC No.: 566881

4

    r.   housing assignments of Juan Thomas, DC No.:  X19104

    s.   housing assignments of Samuel Wooden, DC No.: 636568

    t.   housing assignments of Jashon Mobley, DC No.: U17890

    u.   housing assignments of Brian Fogerty, DC No.: J00258

    v.   housing assignments of Joseph Avram, DC No.: L07865

6.  All audio recordings of the phone calls by inmates referenced on DOC Batestamp No.: 1123, a copy of which is attached hereto as **Exhibit A**.

7.  All Documents or Communications which reference Jashon Mobley, DC No.: U17890, contained in IGLOGS from September 1, 2010 to present.

8.  All Documents or Communications which reference Jashon Mobley, DC No.: U17890, contained in MINS from September 1, 2010 to present.

9.  All Documents or Communications which reference Brian Fogerty, DC No.: J00258, contained in IGLOGS from September 1, 2010 to present.

10. All Documents or Communications which reference Brian Fogerty, DC No.: J00258, contained in MINS from September 1, 2010 to present.

The Law Offices of
STEVEN R. ANDREWS, P.A.
822 Monroe Street
Tallahassee, Florida 32303
Tel:  (850) 681-6416 / Fax: (850) 681-6984

*/s/ Steven R. Andrews*
STEVEN R. ANDREWS (FBN 0263680)
BRIAN O. FINNERTY (FBN 0094647)
bfinnerty@andrewslawoffice.com
RYAN J. ANDREWS (FBN 104703)
ryan@andrewslawoffice.com
service@andrewslawoffice.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by

electronic transmission this 20th day of September, 2017, to:

W. Peter Martin
Dennis, Jackson, Martin & Fontela, P.A.
1591 Summit Lake Drive, Suite 200
Tallahassee, Florida 32317
peter@djmf-law.com
jmauer@djmf-law.com
jennifer@djmf-law.com
*Atty for FDOC & Andrews*

Jeffrey S. Howell
Phipps & Howell
201 South Monroe Street, 4th Floor (32301)
Post Office Box 1351
Tallahassee, Florida 32302
jeff@phipps-howell.com
*Atty for Goodwin, Housholder, Jones a/k/a*
*Franklin, Riley & Greene*

Brian C. Keri
The Law Offices of Brian C. Keri, PA
3375-H Capital Circle NW, Suite 4
Tallahassee FL 32308
briankeri@earthlink.net
michellemsmith@earthlink.net
*Atty for Austin, Brown, Burch, Gillikin, Hamm,*
*Hampton, Martina & Spangler*

/s/ ***Steven R. Andrews***
STEVEN R. ANDREWS

# Exhibit A

Phone Calls by inmates who were in Confinement on 9-19-2010

(Limited to Calls that specifically mention the death of Jordan-Aparo)

| | Franklin CI, FL | B4 P-2 712 | (1) 7725649102 | JOSEPH ACQUAVIVA | 09118834503 | 09-30-2010 19:00:03 | 09-30-2010 19:15:03 | 900 (s) 15(m) |
|---|---|---|---|---|---|---|---|---|

**Angle- A1110**

| | Franklin CI, FL | A3 P-2 703 | (1) 9419272523 | JAMES ANGLE | 12020336880 | 09-30-2010 21:06:11 | 09-30-2010 21:16:01 | 590 (s) 9.83(m) |
|---|---|---|---|---|---|---|---|---|
| | Franklin CI, FL | H2 P-2 748 | (1) 6165313405 | BENJAMIN ARIM | 12038186974 | 11-02-2010 21:07:41 | 11-02-2010 21:22:41 | 900 (s) 15(m) |

**Hamrick- A1210**

**Still working on**

001123

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AMANDA CIMILLO, as
Personal Representative of the
Estate of RANDALL JORDAN-APARO,
Deceased and MINOR CHILD APARO
The Natural Child of Randall Jordan-Aparo
By and Through Her Mother and Natural
Guardian Amanda Cimillo,

      Plaintiffs,

vs.                    **CASE NO. 4:16-cv-00584-RH-CAS**

DIANE ANDREWS, ROLLIN AUSTIN,
MITCHELL BROWN, PATRICK BURCH,
A. JONES (aka LUCY FRANKLIN), SENIOR L.P.N,
CHAD EVANS GILLIKIN, AMY GOODWIN,
SENIOR L.P.N, MARTHA GREENE, SENIOR L.P.N,
JAMES HAMM, KEVIN ALLEN HAMPTON,
PAMELA T. HOUSHOLDER, SENIOR R.N.,
JOSHUA MARTINA, OLA MELISSA RILEY,
SENIOR L.P.N, CHRISTOPHER SPANGLER, and
the FLORIDA DEPARTMENT OF CORRECTIONS

      Defendants.

_____/

### PLAINTIFF'S EIGHTH REQUEST TO PRODUCE TO DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS DATED SEPTEMBER 22, 2017

Plaintiff, Estate of Randall Jordan-Aparo, Deceased, by and through its Personal Representative, Amanda Cimillo, and Minor Child Aparo The Natural Child of Randall Jordan-Aparo, by and through the undersigned counsel, and pursuant to Rules 26 and 34, Federal Rules of Civil Procedure, hereby serves the Eighth Request to Produce to Defendants, Florida Department of Corrections (DOC).



## DEFINITIONS

1.     The term "You" and "Your" means the party or parties to whom this request is addressed, including its division, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

2.     The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other business enterprise, governmental body, group of natural persons or the entity.

3.     The term "document" means "document" as described in Rule 34(a) of the Federal Rules of Civil Procedure and shall include all documents within the possession, custody, or control of the Defendants or any agents thereof.    Documents shall include documents held by any subsidiary or any affiliated corporation.  The term "document" also includes any documents which have a physical location in another State or United States Territory.  Further the term "document" also shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographic, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records).

4.     The term "all documents" means every document or group of documents as above defined that are known to You or that can be located or discovered by reasonably diligent efforts.

5.     The term "communication" means any oral or written statement, dialogue, colloquialism, discussion, conversation, agreement, or expression of any kind.

6.     The term "all communication" means each and every communication as above defined that is known to You or about which You have any information.

7.     As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

2

8.      The term "identify" when used with reference to a natural person means:

        a)      the full name and address (or, if the current address is not known, the last known address) of the person;

        b)      the full name and address of each employer, each corporation of which the person is an officer or director, and each business in which the person is a principal;

        c)      the person's present (or, if the present is not known, the last known) position and the position or positions at the time of the act to which the interrogatory answer relates;

        d)      each position the person has ever held with You and the date such positions were held; and,

        e)      such other information sufficient to provide full identification of the person.

9.      The term "identify" when used with reference to any other entity other than a natural person means:

        a)      the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

        b)      each of the entity's officers, directors, shareholders or other principals; and,

        c)      any other available information concerning the existence or identity of the entity.

10.     The term "identify" when used with reference to a document or written communication means:

        a)      its nature (e.g., letter, telegram, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee;

        b)      the identity of each signatory of the document or communication;

        c)      the title or heading of the document or communication;

        d)      its substance;

        e)      its present (or, if the present is not known, the last known) location and custodian;

        f)      the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) You, and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof; and,

        g)      the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

11.     The term "DOC" means the Florida Department of Corrections.

## DOCUMENTS REQUESTED

1.  Any and all Documents or Communications contained within the DOC Security Threat Operational Review Monitoring System (STORMS) with mention or discuss Randall Jordan-Aparo.

2.  A copy of the Florida Department of Corrections Inmate Handbook circa 2009.

3.  A copy of all nursing and/or physician protocols, including but not limited to chest pain and/or respiratory distress.

4.  Any and all Documents or Communications which reference or discuss:

    a.  Four Horsemen;
    b.  Four Horsemen Club.

5.  Any and all Documents or Communications which reference or discuss the transfer of Randall Jordan-Aparo on or about May 21, 2010 from Jefferson Correctional Institute to Wakulla Correctional Institute .

6.  Any and all Documents or Communications which reference or discuss the transfer of Randall Jordan-Aparo on or about June 2, 2010 from Wakulla Correctional Institute to Franklin Correctional Institute.

7.  Any Documents in the form of contraband log from November 1, 2009 to September 19, 2010 from Jefferson Correctional Institute and Franklin Correction Institute.

8.  All Documents in the nature of personnel files, discipline files, "working personnel file" or any files maintained in Employee Relations, at DOC, 501 S. Calhoun Street, Tallahassee, FL or any correctional institution designated at the "Warden's file" and/or DART Team files which mention or discuss the following:

    a.  Diane Andrews
    b.  Rollin Austin
    c.  Mitchell Brown
    d.  Patrick Burch
    e.  Chad Gillikin
    f.  James Hamm
    g.  Kevin Allen Hampton
    h.  Joshua Martina
    i.  Christopher Spangler
    j.  A. Jones aka Lucy Franklin
    k.  Amy Goodwin

4

l.  Martha Greene
m.  Pamela Housholder
n.  Ola Melissa Riley
o.  Patricia Lemon
p.  Patricia Cicirello
q.  William Ray
r.  Randall "Brad" Johnson

9.  Any and all Documents or Communications contained in the CDC database using the query
    *IM29 all* related to housing assignments of Richard K. Martin, DC No: E12640

10. Any and all Documents or Communications comprising of DOC Case No.: 13-7092

11. Audio recording of the Pre-Determination Conference of Rollin Austin.

The Law Offices of
STEVEN R. ANDREWS, P.A.
822 Monroe Street
Tallahassee, Florida 32303
Tel:  (850) 681-6416 / Fax: (850) 681-6984

*/s/ Steven R. Andrews*
STEVEN R. ANDREWS (FBN 0263680)
BRIAN O. FINNERTY (FBN 0094647)
bfinnerty@andrewslawoffice.com
RYAN J. ANDREWS (FBN 104703)
ryan@andrewslawoffice.com
service@andrewslawoffice.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by

electronic transmission this 22nd day of September, 2017, to:

W. Peter Martin
Dennis, Jackson, Martin & Fontela, P.A.
1591 Summit Lake Drive, Suite 200
Tallahassee, Florida  32317
peter@djmf-law.com
jmauer@djmf-law.com
jennifer@djmf-law.com
*Atty for FDOC & Andrews*

Jeffrey S. Howell
Phipps & Howell
201 South Monroe Street, 4th Floor (32301)
Post Office Box 1351
Tallahassee, Florida  32302
jeff@phipps-howell.com
*Atty for Goodwin, Housholder, Jones a/k/a*
*Franklin, Riley & Greene*

Brian C. Keri
The Law Offices of Brian C. Keri, PA
3375-H Capital Circle NW, Suite 4
Tallahassee FL 32308
brianckeri@earthlink.net
michellemsmith@earthlink.net
*Atty for Austin, Brown, Burch, Gillikin, Hamm,*
*Hampton, Martina & Spangler*

/s/ ***Steven R. Andrews***
STEVEN R. ANDREWS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AMANDA CIMILLO, as
Personal Representative of the
Estate of RANDALL JORDAN-APARO,
Deceased and MINOR CHILD APARO
The Natural Child of Randall Jordan-Aparo
By and Through Her Mother and Natural
Guardian Amanda Cimillo,

      Plaintiffs,

vs.                          CASE NO. 4:16-cv-00584-RH-CAS

DIANE ANDREWS, ROLLIN AUSTIN,
MITCHELL BROWN, PATRICK BURCH,
A. JONES (aka LUCY FRANKLIN), SENIOR L.P.N.,
CHAD EVANS GILLIKIN, AMY GOODWIN,
SENIOR L.P.N, MARTHA GREENE, SENIOR L.P.N,
JAMES HAMM, KEVIN ALLEN HAMPTON,
PAMELA T. HOUSHOLDER, SENIOR R.N.,
JOSHUA MARTINA, OLA MELISSA RILEY,
SENIOR L.P.N, CHRISTOPHER SPANGLER, and
the FLORIDA DEPARTMENT OF CORRECTIONS

      Defendants.

_____/

### PLAINTIFF'S TENTH REQUEST TO PRODUCE TO DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS DATED SEPTEMBER 26, 2017

    Plaintiff, Estate of Randall Jordan-Aparo, Deceased, by and through its Personal

Representative, Amanda Cimillo, and Minor Child Aparo The Natural Child of Randall Jordan-

Aparo, by and through the undersigned counsel, and pursuant to Rules 26 and 34, Federal Rules

of Civil Procedure, hereby serves the Tenth Request to Produce to Defendant Florida Department

of Corrections (DOC) dated September 26, 2017,.



1

## DEFINITIONS

1.     The term "You" and "Your" means the party or parties to whom this request is addressed, including its division, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

2.     The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other business enterprise, governmental body, group of natural persons or the entity.

3.     The term "document" means "document" as described in Rule 34(a) of the Federal Rules of Civil Procedure and shall include all documents within the possession, custody, or control of the Defendants or any agents thereof.   Documents shall include documents held by any subsidiary or any affiliated corporation.  The term "document" also includes any documents which have a physical location in another State or United States Territory.  Further the term "document" also shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographic, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records).

4.     The term "all documents" means every document or group of documents as above defined that are known to You or that can be located or discovered by reasonably diligent efforts.

5.     The term "communication" means any oral or written statement, dialogue, colloquialism, discussion, conversation, agreement, or expression of any kind.

6.     The term "all communication" means each and every communication as above defined that is known to You or about which You have any information.

7.     As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

8.     The term "identify" when used with reference to a natural person means:

      a)     the full name and address (or, if the current address is not known, the last known address) of the person;

      b)     the full name and address of each employer, each corporation of which the person is an officer or director, and each business in which the person is a principal;

      c)     the person's present (or, if the present is not known, the last known) position and the position or positions at the time of the act to which the interrogatory answer relates;

      d)     each position the person has ever held with You and the date such positions were held; and,

      e)     such other information sufficient to provide full identification of the person.

9.     The term "identify" when used with reference to any other entity other than a natural person means:

      a)     the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

      b)     each of the entity's officers, directors, shareholders or other principals; and,

      c)     any other available information concerning the existence or identity of the entity.

10.    The term "identify" when used with reference to a document or written communication means:

      a)     its nature (e.g., letter, telegram, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee;

      b)     the identity of each signatory of the document or communication;

      c)     the title or heading of the document or communication;

      d)     its substance;

      e)     its present (or, if the present is not known, the last known) location and custodian;

      f)     the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) You, and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof; and,

      g)     the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

11.    The term "DOC" means the Florida Department of Corrections.

## DOCUMENTS REQUESTED

1.  All Documents and Communications which reference or discuss the following case or file numbers:

- FDLE TL-37-0003
- DOC IG File 13-13339
- DOC IG File 13-9886
- DOC Case Number 10-1-8057
- DOC Case Number 12-1181
- OIG Case Number 14-111279
- OCIG Case Number 10-1-9564
- OCIG Case Number 12-4-1459
- DOC Case Number 10-6-31361

2.  All Documents and Communications sent by Aubrey Land from January 1, 2013, to December 1, 2016, concerning Randall Jordan-Aparo.

3.  All Documents and Communications sent by Doug Glisson from January 1, 2013, to December 1, 2016, concerning Randall Jordan-Aparo.

4.  All Documents and Communications sent by John Ulm from January 1, 2013, to December 1, 2016, concerning Randall Jordan-Aparo.

5.  All Documents and Communications received by John Ulm from January 1, 2013, to December 1, 2016, concerning Randall Jordan-Aparo.

6.  All Documents and Communications received by Aubrey Land from January 1, 2013, to December 1, 2016, concerning Randall Jordan-Aparo.

7.  All Documents and Communications received by Doug Glisson from January 1, 2013, to December 1, 2016, concerning Randall Jordan-Aparo.

8.  Any Department of Corrections intelligence reports including all STORMS Reports which mention of discuss Randall Jordon-Aparo from January 1, 2009 thru December 30, 2010.

9.  The unreacted anonymous complaint received by the Executive Office of the Governor on October 25, 2012.

10. Names and last known address and Department of Corrections DC Numbers of the inmate orderlies who are depicted on the fixed wing video of A Dorm taken on September 19, 2010.

4

11. All Documents or Communications which would comprise of the DOC Classification File
for Randall Jordan-Aparo.

> The Law Offices of
> STEVEN R. ANDREWS, P.A.
> 822 Monroe Street
> Tallahassee, Florida 32303
> Tel: (850) 681-6416 / Fax: (850) 681-6984
>
> */s/ Ryan J. Andrews*
> STEVEN R. ANDREWS (FBN 0263680)
> BRIAN O. FINNERTY (FBN 0094647)
> bfinnerty@andrewslawoffice.com
> RYAN J. ANDREWS (FBN 104703)
> ryan@andrewslawoffice.com
> service@andrewslawoffice.com
> *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by

electronic transmission this 26th day of September, 2017, to:

W. Peter Martin
Dennis, Jackson, Martin & Fontela, P.A.
1591 Summit Lake Drive, Suite 200
Tallahassee, Florida 32317
peter@djmf-law.com
jmauer@djmf-law.com
jennifer@djmf-law.com
*Atty for FDOC & Andrews*

Jeffrey S. Howell
Phipps & Howell
201 South Monroe Street, 4th Floor (32301)
Post Office Box 1351
Tallahassee, Florida 32302
jeff@phipps-howell.com
*Atty for Goodwin, Housholder, Jones a/k/a
Franklin, Riley & Greene*

Brian C. Keri
The Law Offices of Brian C. Keri, PA
3375-H Capital Circle NW, Suite 4
Tallahassee FL 32308
brianckeri@earthlink.net
michellemsmith@earthlink.net
*Atty for Austin, Brown, Burch, Gillikin, Hamm,
Hampton, Martina & Spangler*

> /s/ *Ryan J. Andrews*
> RYAN J. ANDREWS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AMANDA CIMILLO, as
Personal Representative of the
Estate of RANDALL JORDAN-APARO,
Deceased and MINOR CHILD APARO
The Natural Child of Randall Jordan-Aparo
By and Through Her Mother and Natural Guardian
Amanda Cimillo,

       Plaintiffs,

vs.                              CASE NO. 4:16-cv-00584-RH-CAS

DIANE ANDREWS, ROLLIN AUSTIN,
MITCHELL BROWN, PATRICK BURCH,
A. JONES (aka LUCY FRANKLIN), SENIOR L.P.N,
CHAD EVANS GILLIKIN, AMY GOODWIN,
SENIOR L.P.N, MARTHA GREENE, SENIOR L.P.N,
JAMES HAMM, KEVIN ALLEN HAMPTON,
PAMELA T. HOUSHOLDER, SENIOR R.N.,
JOSHUA MARTINA, OLA MELISSA RILEY,
SENIOR L.P.N, CHRISTOPHER SPANGLER, and
the FLORIDA DEPARTMENT OF CORRECTIONS

       Defendants.

_____/

## PLAINTIFF'S FOURTH SET OF INTERROGATORIES TO DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS

Plaintiff, Estate of Randall Jordan-Aparo, Deceased, by and through its Personal

Representative, Amanda Cimillo, and Minor Child Aparo natural minor child of the deceased

Randall Jordan-Aparo, by and through the undersigned counsel, pursuant to Rules 26 and 33,

Federal Rules of Civil Procedure, hereby serves this Fourth Set of Interrogatories to Defendant,

Florida Department of Corrections.



1

## DEFINITIONS

1.      The term "You" and "Your" means the party or parties to whom this request is addressed, including its division, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

2.      The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other business enterprise, governmental body, group of natural persons or the entity.

3.      The term "document" means "document" as described in Rule 34(a) of the Federal Rules of Civil Procedure and shall include all documents within the possession, custody, or control of the Defendants or any agents thereof.   Documents shall include documents held by any subsidiary or any affiliated corporation.  The term "document" also includes any documents which have a physical location in another State or United States Territory.  Further the term "document" also shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographic, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records).

4.      The term "all documents" means every document or group of documents as above defined that are known to You or that can be located or discovered by reasonably diligent efforts.

5.      The term "communication" means any oral or written statement, dialogue, colloquialism, discussion, conversation, agreement, or expression of any kind.

6.      The term "all communication" means each and every communication as above defined that is known to You or about which You have any information.

7.      As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

8.    The term "identify" when used with reference to a natural person means:

    a.    the full name and address (or, if the current address is not known, the last known address) of the person;

    b.    the full name and address of each employer, each corporation of which the person is an officer or director, and each business in which the person is a principal;

    c.    the person's present (or, if the present is not known, the last known) position and the position or positions at the time of the act to which the interrogatory answer relates;

    d.    each position the person has ever held with You and the date such positions were held; and,

    e.    such other information sufficient to provide full identification of the person.

9.    The term "identify" when used with reference to any other entity other than a natural person means:

    a.    the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

    b.    each of the entity's officers, directors, shareholders or other principals; and,

    c.    any other available information concerning the existence or identity of the entity.

10.    The term "identify" when used with reference to a document or written communication means:

    a.    its nature (e.g., letter, telegram, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee;

    b.    the identity of each signatory of the document or communication;

    c.    the title or heading of the document or communication;

    d.    its substance;

    e.    its present (or, if the present is not known, the last known) location and custodian;

    f.    the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) You, and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof; and,

    g.    the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

11.    The term "DOC" means the Florida Department of Corrections.

3

## FOURTH SET OF INTERROGATORIES

1. Please provide the last known name, address and phone number for the person who charted the circled portion of DOC Production, Batestamp 00001, a copy of which is attached hereto as **Exhibit A**.

2. Please provide the date and time that the circled portion of DOC Production, Bates Stamp 00001, was charted, a copy of which is attached hereto as **Exhibit A**.

3. Please provide the last known name, address and phone number for the person(s) who charted the entries on DOC Production, Bates Stamp 000557, a copy of which is attached hereto as **Exhibit B.**

4. Please provide the date and time charted the entries on DOC Production, Bates Stamp 000557, was charted, a copy of which is attached hereto as **Exhibit B**.

5. Please provide the date and time that the circled portion of DOC Production, Bates Stamp 00002, was charted, a copy of which is attached hereto as **Exhibit C**.

The Law Offices of
STEVEN R. ANDREWS, P.A.
822 Monroe Street
Tallahassee, Florida 32303
Tel: (850) 681-6416 / Fax: (850) 681-6984

*/s/ Steven R. Andrews*
STEVEN R. ANDREWS (FBN 0263680)
BRIAN O. FINNERTY (FBN 0094647)
bfinnerty@andrewslawoffice.com
RYAN J. ANDREWS (FBN 104703)
ryan@andrewslawoffice.com
service@andrewslawoffice.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by

electronic transmission this 20th day of September, 2017, to:

W. Peter Martin
Dennis, Jackson, Martin & Fontela, P.A.
1591 Summit Lake Drive, Suite 200
Tallahassee, Florida 32317
peter@djmf-law.com
jmauer@djmf-law.com
jennifer@djmf-law.com
*Attorney for FDOC & Andrews*

Jeffrey S. Howell
Phipps & Howell
201 South Monroe Street, 4th Floor (32301)
Post Office Box 1351
Tallahassee, Florida 32302
jeff@phipps-howell.com
*Attorney for Goodwin, Housholder, Jones*
*a/k/a Franklin, Riley & Greene*

Brian C. Keri
The Law Offices of Brian C. Keri, PA
3375-H Capital Circle NW, Suite 4
Tallahassee FL 32308
brianckeri@earthlink.net
*Attorney for Austin, Brown, Burch, Gillikin,*
*Hamm, Hampton, Martina & Spangler*

*/s/ Steven R. Andrews*
STEVEN R. ANDREWS

## VERIFICATION

I have read the forgoing Answers to Plaintiff's Fourth Set of Interrogatories and do swear that they are true and correct to the best of my knowledge and belief.

_____

STATE OF FLORIDA

COUNTY OF _____

The forgoing instrument was acknowledged before me this _____ day of _____, 2017, by _____, who is ___ personally known to me OR ___ who has produced identification:_____ and who did take an oath.

_____
Notary Public
Commission No.
My Commission Expires:

FLORIDA DEPARTMENT OF CORRECTIONS
**EMERGENCY ROOM RECORD**

Check one: ☒ Inmate/Post-Use-of-Force Exam

☐ Employee: ☐ Post-Use-of-Force Exam OR ☐ Injury OR ☐ Physical Altercation

☐ Visitor/Injury

All inmates must receive a complete assessment following a use of force. This includes a visual inspection of the entire body to identify any sign of injury. This exam shall be performed in the medical unit except under unusual circumstance. Injuries shall be documented on the DC4-708, *Diagram of Injury*. If a physician/CA is not present at the time of the exam, a physician/CA must review this form and sign it on the next working day.

Time of occurrence: approx 1500     Time of exam: 1515

Description of occurrence: Use of Chemical agents

Inmate showered without soap (if post-use of chemical agent)? ☒ Yes   ☐ Refused   ☐ N/A

Vital Signs:   Temperature 98¹   Pulse 109   Respiration 20   Blood Pressure _____ /

Arrived via: ☒ Ambulatory   ☐ Stretcher   ☐ Wheelchair   ☐ Other:

Condition on arrival (check all that apply): ☒ Alert   ☒ Oriented x 4 (person, place, time, situation) ☐ Responding to questions verbally ☐ Other (requires description in assessment summary) ☒ C/O pain? If checked, where? Back Pain "

Assessment summary:
C/O Back pain from previous injury. unable to get BP reading with manual + Automatic cuffs Right lower lobe = wheezing. mottling Notd upper left posterior Back. Skin Untack. Bruising Notd Hx of Osler Webber Rendo Syndrome. 1t. top of foot white in color.

Physician notified? ☐ No ☒ Yes   Name: Dr Choudray, Retake   Time: 14 W

Treatment provided? ☐ No ☒ Yes   (if yes, describe:

Response to Treatment:
Refused BP re-check @ 1525, Cooperative during post use of force assessment. unable to get BP reading.

Disposition: ☐ Population ☒ Confinement ☐ Infirmary ☐ Hospital ☐ Rescue ☐ Other (explain):

Discharge Instructions and Education:
Notify medical of needs

Health Care Provider's Signature and Stamp: M. RILEY   Date/Time: 9/19/16

Reviewing Physician's Signature and Stamp: _____   Date/Time: _____

Name Jordan-Apara, Randal   **Inmate Distribution:**   White—Health Record
DC# 13895   Race/Sex W/M                    Canary—Inspector General
Date of Birth                                Pink—Local Requirements
Institution Franklin CI   **Employee Distribution:**   White—Personnel File
                                             Canary—Employee Copy
                                             Pink—DESTROY

DC4-701C (Revised 10/07)

This form is not to be amended, revised, or altered without approval of the Office of Health Services-Administration

Incorporated by Reference in Rule 33-602.210, F.A.C.

**EXHIBIT A**
tabbies

00001

JORDAN-APARO, RANDALL
DOC MED REC - 02

FLORIDA DEPARTMENT OF CORRECTIONS
## Chronological Record of Health Care

Allergies: NKDA, Citric acid, Bees

| DATE/TIME | |
|---|---|
| 3/19/10 1820 | (Inc. vent) Responded to call from Confinement to assess inmate in cell that he had fallen in cell. |
| 19/10 1830 | (Inc. vent) Inmate laying on cell floor face down. Cold to touch. Rolled inmate over, face dark blue in color. Arms stiff. mouth fixed. Had EPR ma. teeth closed, unresponsive. No pulse, stiff and difficult to move. |
| 9/10 1840 | (Inc. vent) Notified on call CHO & Nurse supervisor. |
| 1/10 1847 | (Inc. vent) EMT's called pronounced death |

EXHIBIT
B
tabbies

T37895 TM 09 11/10/2009

JORDAN-APARO, RANDALL

W/M DOB (26) DD

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

A1, 17 of 17

000557

OFFICE OF HEALTH SERVICES
### DIAGRAM OF INJURY



Date of occurrence  9/19/10        Time of occurrence  1315

☐ No injury identified

Description of injury  motling Noted on upper posterior
back. Skin intact. Breaths ter

Staff Signature  M. Riley 51P4    M. RILEY
                                  SLPN
                                  FRANKLIN CI

Inmate Name  Jordan-Apara, Randall
DC# T37895        Race/Sex W/M
Date of Birth ~~~~~~~~~~
Institution  Franklin CI

This form is not to be amended, revised, or altered without approval
of the Deputy Assistant Secretary of Health Services Administration

DC4-708 (Revised 1/05)



EXHIBIT
C
tabbies

JORDAN-APARO, RANDALL  00002
DOC MED REC - 03

Case 4:16-cv-00584-RH-CAS  Document 112  Filed 10/27/17  Page 94 of 101
Case 4:14-cv-00347-WS-CAS  Document 117  Filed 04/07/16  Page 1 of 7

Page 1 of 7

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**CHRISTINA BULLINS,**

    **Plaintiff,**

**VS.**                                  **Case No. 4:14cv347-WS/CAS**

**MARIA DIBERNARDO,**

    **Defendant.**

_____/

## O R D E R

A motion to compel discovery was filed by Plaintiff on February 16,

2016. ECF No. 102. That motion generated the filing of several

responses, ECF Nos. 103 and 105, as well as supplemental filings from

Plaintiff. ECF Nos. 105, 107-108. Each has been reviewed.

The motion to compel concerns a subpoena issued to non-party, the

Florida Department of Corrections (DOC). The Rule 45 subpoena was

issued on December 22, 2015, *see* ECF No. 102 at 8-13, served that same

day, *id.* at 20, gave a 30-day response time, *id.* at 13, and requested the

production of 12 categories of documents. *Id.* at 11. The requests were

subsequently limited for the time period between August 15, 2010, to April



EXHIBIT

L

Case 4:16-cv-00584-RH-CAS  Document 112  Filed 10/27/17  Page 95 of 101
Case 4:14-cv-00347-WS-CAS  Document 117  Filed 04/07/16  Page 2 of 7

Page 2 of 7

14, 2015, *id.* at 37-38, although the initial requests had a beginning point of either January 1, 2009, (Request #1) or January 1, 2010 (Requests #5-12). *Id.* at 18-19; *see* ECF No. 105 at 2.

Plaintiff seeks an Order requiring the DOC to fully respond to the subpoena. ECF No. 102 at 1. Primarily, however, Plaintiff seeks an amended Scheduling Order. *Id.* Plaintiff advises that DOC's computer system has limitations which will impact its ability to produce the requested documents in response to the subpoena. *Id.* at 2. Plaintiff accepts those contentions and, thus, requests an extension of the discovery deadlines to permit the DOC to produce responsive, non-privileged documents. *Id.* Plaintiff advises that DOC needs approximately 90 days "to search for, locate, and produce documents responsive to the subpoena." ECF No. 102 at 5.

DOC filed a response to the motion, essentially affirming that DOC will "produce certain responsive non-privileged documents," but advising that it will take until approximately May 15, 2016, to do so. ECF No. 104. The delay is "due to the current limitations of the FDOC computer system." *Id.* at 2. DOC advises it "is making a good faith effort to respond to the

Case 4:16-cv-00584-RH-CAS Document 112 Filed 10/27/17 Page 96 of 101
Case 4:14-cv-00347-WS-CAS Document 117 Filed 04/07/16 Page 3 of 7

Page 3 of 7

Plaintiff's requests, even moving the Plaintiff's request from number 52 to number 1 in its queue." *Id.* at 5.

To the degree DOC also argues that some of the discovery reached far beyond the issues of this case and should be limited, *see* ECF No. 104 at 3-5, those arguments are not addressed because Plaintiff has not sought to compel a response to a specific request for production or argued that any objections should be overruled. Rather, Plaintiff's motion focuses on seeking an enlargement of time which will allow DOC to produce the non-privileged documents. Additionally, there was nothing improper about the timeliness of Plaintiff's request and DOC's argument to the contrary, ECF No. 104 at 5, is not well taken.

Defendant also filed a response to the motion to compel. ECF No. 106. Defendant points out her belief that DOC's need for additional time to respond to the subpoena was because the requests "were overbroad and/or irrelevant . . . ." ECF No. 106 at 3. Defendant notes that Plaintiff agreed to limit the scope of the subpoena, but the parties still could not "reach any agreement"[1] on the issue. *Id.* Defendant objects to extending

---

[1] It appears that agreement was not reached between the parties unless Plaintiff agreed to limit the subpoena as suggested by Defendant. *See* ECF No. 102 at 3, 33-38; ECF No. 106-1 at 1-4.

Case No. 4:14cv347-WS/CAS

the discovery deadline and the other corresponding deadlines and requests that Plaintiff's motion be denied. *Id.*

In one of Plaintiff's supplemental filings, Plaintiff complains that DOC initially indicated that it would produce responsive, non-privileged documents "on a rolling basis" as the documents became available. ECF No. 108 at 3; *see* ECF No. 108 at 17. As of March 16, 2016, Plaintiff advises that DOC "has failed to produce even a single document on a rolling basis in response to Plaintiff's subpoena." *Id.*; *see also* ECF No. 115. Moreover, no objection was raised as to Request #3, Plaintiff's personnel file, *see* ECF No. 108 at 14-15, and despite stating that responsive documents "are being provided," no document has been produced. *Id.* at 4.

The discovery sought by Plaintiff from the DOC is relevant to this proceeding. Plaintiff is entitled to access the discovery sought under Rule 26(b)(a). Despite arguing against an extension of time, Defendant has not shown prejudice. Moreover, delay is not due to Plaintiff's conduct, but the alleged limitations of DOC's computer system. Therefore, the motion to compel, ECF No. 102, is granted. To move this case forward, the following schedule is established:

Case 4:16-cv-00584-RH-CAS  Document 112  Filed 10/27/17  Page 98 of 101
Case 4:14-cv-00347-WS-CAS  Document 117  Filed 04/07/16  Page 5 of 7

Page 5 of 7

(1)   DOC shall submit responsive documents to Request #3 on or
      before **April 14, 2016**.

(2)   DOC shall submit responsive documents to Request #1 and
      Request #4 on or before **April 21, 2016**.

(3)   DOC shall submit responsive documents to Request #2,
      Request #5, and Request #10 on or before **April 28, 2016**.

(4)   DOC shall submit responsive documents to Request #11 and
      Request #12 on or before **May 5, 2016**.

(5)   DOC shall submit responsive documents to Requests #6
      through Requests #9 on or before **May 16, 2016**.

Discovery is extended up to, and including, **Monday, July 25, 2016**.

Potentially dispositive motions shall be filed on or before **August 15, 2016**.

Plaintiff shall file a notice advising when the parties will attend mediation no

later than **July 25, 2016**.

Finally, a motion to seal was filed by Defendant. ECF No. 110. That

motion indicates that several exhibits were filed in support of a prior motion

for a protective order, ECF No. 109, which inadvertently contained contact

information of former D.O.C. employees. Thus, a cautionary motion was

Case No. 4:14cv347-WS/CAS

filed to seal the following documents: ECF Nos. 109-2, 109-3, 109-4, and

109-5. Without objection, the motion to seal, ECF No. 110, is granted and

the Clerk of Court shall seal those exhibits.

Accordingly, it is

**ORDERED:**

1. Defendant's motion to seal, ECF No. 110, is **GRANTED.**

2. The Clerk of Court shall seal these exhibits: ECF Nos. 109-2, 109-

3, 109-4, and 109-5.

3. Plaintiff's motion to compel, ECF No. 102 is **GRANTED.**

4. DOC shall submit responsive documents to Request #3 on or

before **April 14, 2016.**

5. DOC shall submit responsive documents to Request #1 and

Request #4 on or before **April 21, 2016.**

6. DOC shall submit responsive documents to Request #2,  Request

#5, and Request #10 on or before **April 28, 2016.**

7. DOC shall submit responsive documents to Request #11 and

Request #12 on or before **May 5, 2016.**

Case No. 4:14cv347-WS/CAS

8. DOC shall submit responsive documents to Requests #6 through

Requests #9 on or before **May 16, 2016**.

9. Discovery is extended up to, and including, **Monday, July 25,**

**2016**.

10. Potentially dispositive motions shall be filed on or before **August**

**15, 2016**.

11. Plaintiff shall file a notice advising when the parties will attend

mediation no later than **July 25, 2016**.

**DONE AND ORDERED** on April 7, 2016.

> **s/   Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

Case 4:16-cv-00584-RH-CAS   Document 112   Filed 10/27/17   Page 101 of 101
Case 4:16-cv-00222-RH-CAS   Document 41   Filed 10/03/16   Page 1 of 1

Page 1 of 1

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

TIMOTHY BUTLER,

      Plaintiff,

v.                              CASE NO.  4:16cv222-RH/CAS

JEFF BEASLEY et al.,

      Defendants.

_____/

## ORDER COMPELLING DOCUMENT PRODUCTION

The plaintiff's first motion to compel document production by the Florida Department of Corrections, ECF No. 38, is granted. The Department of Corrections must make available to the plaintiff for inspection and copying each document that is described in paragraphs 1 through 8 of the "documents requested" section of the subpoena to the Department dated August 10, 2016. *See* ECF No. 38 at 14. The Department must complete the search for responsive documents by October 7, 2016. A responsive document must be made available to the plaintiff within three days after it is located and in any event by October 13, 2016.

SO ORDERED on October 3, 2016.

                    s/Robert L. Hinkle
                    United States District Judge


EXHIBIT