# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

AMANDA CIMILLO,

    Plaintiff,

v.                                  CASE NO. 4:16cv584-RH/CAS

ROLLIN AUSTIN et al.,

    Defendants.

_____/

## ORDER DENYING THE DEPARTMENT'S MOTION
## TO DISMISS THE THIRD AMENDED COMPLAINT

    This case arises from the death of Randall Jordan-Aparo while in the custody of the Florida Department of Corrections. The plaintiff is the personal representative of Mr. Jordan-Aparo's estate. The third amended complaint asserts claims against 14 individuals based on state and federal law. The third amended complaint also asserts a claim against the Florida Department of Corrections under the Americans with Disabilities Act and the Rehabilitation Act of 1973. The Department has moved to dismiss for failure to state a claim on which relief can be granted. This order denies the motion.

Case No. 4:16cv584-RH/CAS

To survive such a motion, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here the third amended complaint is sufficient. It alleges, in considerable detail, that Mr. Jordan-Aparo suffered from a disability, Osler-Weber-Rendu disease, that Department employees were deliberately indifferent to the need to treat the disease and its symptoms, that employees continued their indifference when Mr. Jordan-Aparo presented with life-threatening conditions, and that Mr. Jordan-Aparo died as a result. The third amended complaint alleges these and other actions constituted discrimination against Mr. Jordan-Aparo based on his disability.

The Department says Mr. Jordan-Aparo is complaining only about the employees' failure to provide his preferred treatment—not the failure to provide any treatment at all—and that the failure to provide a prisoner's preferred treatment does not violate the ADA or Rehabilitation Act. But merely failing to provide Mr. Jordan-Aparo's preferred treatment is not what the third amended complaint alleges. The third amended complaint squarely alleges deliberate

indifference, both in words and substance. The third amended complaint alleges discrimination based on disability—that the Department failed to treat Mr. Jordan-Aparo's disability, a failure that denied him access to the services and activities available to other inmates. Other inmates, after all, kept on living—continued to participate in the Department's services and activities.

Negligence without more does not violate the statutes. Choosing the wrong treatment, without more, does not violate the statutes. But one can provide some treatment and still be deliberately indifferent—still discriminate based on disability. A policy of treating strokes or heart attacks with aspirin and nothing more would not do. And so too here: treating Mr. Jordan-Aparo's life-threatening symptoms with Tylenol, as the plaintiff alleges occurred, would not do. If the Department asserts that providing at least some treatment is always sufficient to exonerate the Department from liability under the ADA or Rehabilitation Act, the Department is simply wrong.

The Department may or may not have been deliberately indifferent to a disability, and any deliberate indifference may or may not have caused Mr. Jordan-Aparo's death. But those issues cannot be resolved on the Department's motion to dismiss. It remains true, after *Twombly* and *Iqbal* as before, that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cty.*

*Page 4 of 4*

*Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). Factual disputes cannot properly be resolved on a motion to dismiss.

For these reasons,

IT IS ORDERED:

The Department's motion to dismiss, ECF No. 107, is denied.

SO ORDERED on November 25, 2017.

                                                s/Robert L. Hinkle
                                                United States District Judge