IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AMANDA CIMILLO,

    Plaintiff,

v.                                    CASE NO. 4:16cv584-RH/CAS

DIANE ANDREWS et al.,

    Defendants.

_____/

ORDER DENYING A PROTECTIVE ORDER,
COMPELLING WITNESSES TO APPEAR,
AND AWARDING ATTORNEY'S FEES

By notice dated June 4, 2018, the plaintiff scheduled the defendant Florida Department of Corrections' Federal Rule of Civil Procedure 30(b)(6) deposition for Tuesday, July 17, 2018. The Department first raised a concern about that date on Friday, July 13, asking that the deposition be delayed until after a summary-judgment ruling or alternatively to Thursday, July 19. The Department said July 19 was more convenient but gave no explanation. The plaintiff said it needed parts of the 30(b)(6) deposition early enough to obtain and use the transcript for the plaintiff's summary-judgment response, which is due on Friday, July 20. The plaintiff agreed to move the other part of the 30(b)(6) deposition. But having

received no explanation for why July 19 was more convenient than July 17, the plaintiff refused to move the parts of the deposition the plaintiff said it needed for the summary-judgment response.

The Department has moved for a protective order blocking the July 17 deposition. The Department still has offered no explanation for why July 17 is less convenient than July 19. Perhaps more importantly, the Department has offered no explanation for why any conflict could not have been addressed soon after June 4, when the deposition was duly scheduled.

To be sure, the Department says an attorney representing some of the other defendants is unavailable on July 17. But the Department says that attorney is also unavailable on July 19. The Department says another attorney can cover for those defendants on July 19, but the Department has not explained (or even claimed) that that same attorney cannot cover on July 17. And again, any conflict of the other defendants' primary attorney must have been known long ago—the Department has not claimed that the attorney's unavailability arose only recently.

Under Federal Rule of Civil Procedure 37(a)(5)(B), if a discovery motion is denied, the court "must" order the moving party or attorney or both to pay the opposing party's expenses, including attorney's fees, unless the motion was "substantially justified" or "other circumstances make an award of expenses unjust." Unless these conditions are met, an award of expenses is "mandatory."

*Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Under the circumstances of this case, an award is "mandatory," and I would make an award as a matter of discretion even if an award was not mandatory. To avoid unnecessary expense in determining the amount of the fee award, this order sets an amount, subject to redetermination.

For these reasons,

IT IS ORDERED:

1. The Department's emergency motion for protective order, ECF No. 184, is denied.

2. The Department must produce its designated witnesses for its 30(b)(6) deposition on July 17, 2018, except for those the plaintiff has agreed to postpone.

3. The Department must pay the plaintiff $500 as attorney's fees. If a party asserts that this is not the amount of fees reasonably incurred by the plaintiff on the motion for a protective order, the party may move within 14 days to redetermine the amount, and the matter will be reconsidered de novo. Attorney's fees may be

assessed against the party who loses any such motion to redetermine. The fees assessed under or based on this order must be paid by August 6, 2018 (if no motion to redetermine is filed) or within 14 days after entry of an order on any motion to redetermine.

    SO ORDERED on July 16, 2018.

                                           s/Robert L. Hinkle
                                           United States District Judge