UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLASSEE DIVISION

**AMANDA CIMILLO, as Personal Representative of the Estate of RANDALL JORDAN-APARO, Deceased and MINOR CHILD APARO, The Natural child of Randall Jordan-Aparo By and Through her Mother and Natural Guardian Amanda Cimillo,**

    Plaintiff,

v.                                              **CASE NO.: 4:16-cv-00584-RH-CAS**

**ROLLIN AUSTIN et al.,**

    Defendants.
_____/

### SECURITY DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendants Austin, Brown, Burch, Gillikin, Hamm, Hampton, Martina, and Spangler (the "Security Defendants"), pursuant to N.D. Fla. Loc. R. 56.1(D), hereby reply to Plaintiff's response (Doc. 206) opposing DEP's Motion for Summary Judgment (Doc. 178), and state:

### MEMORANDUM OF LAW

Contrary to Plaintiff's assertions in the response to the Security Defendants' summary judgment motion, the record shows the Security Defendants are entitled

to summary judgment on Plaintiff's claims. The Security Defendants reply to Plaintiff's arguments/response sections in kind as follows:

## I.     Statement of Facts

The Security Defendants object to Plaintiff's statement of facts, and specifically, to Plaintiff's assertions that have no basis in the record evidence. By way of example, Plaintiff asserts that Austin said "ain't nothing wrong with you . . . ." (Doc. 206, p. 12). Plaintiff cites Exhibit 50, Samuel Wooden's statement, which does not in fact attribute that statement to any particular person. (Doc. 206-50, ¶ 10).

Further, Plaintiff asserts Austin, Gillikin, Martina, Burch, and Spangler were present when Aparo was declaring emergencies, citing Exhibits 10-15, 45-50, and 87. These exhibits simply do not support this assertion. Moreover, Burch's presence is documented by the audio on the hand-held camera footage. Interestingly, Aparo is not declaring any medical emergencies on this tape.

Plaintiff asserts Burch was present in the dorm when chemical agents were applied. (Doc. 206, p. 13). Again, there is no specific factual citation to support this, as none exists. Review of the video shows Burch was absent when the agents were applied.

Plaintiff's statement of facts, which attributes statements to certain

individuals, is simply not supported by the record.  Plaintiff fails to identify pinpoint citations to the record in these instances, because the persons who allegedly heard these statements do not attribute the statements to specific individuals.[1]

Plaintiff's assertion of Aparo's time of death is based on nothing other than speculation.  (Doc. 206, pp. 18-19).  Plaintiff relies upon inmates' statements, inmates that could not see Aparo in his cell.  One inmate, an orderly outside his cell, saw Aparo alive during the evening shift.  (Doc. 206-13, 17:22).  Another guard spoke with Aparo at 5:30 that evening.  (Doc. 179-11).

## II. **Qualified Immunity**

For purposes of this reply, the Security Defendants are addressing this section as related to the excessive force claim brought by Plaintiff, as the deliberate indifference claim is addressed in section III of Plaintiff's response.

Plaintiff failed to show that Defendants Brown, Burch, and Hampton are not entitled to qualified immunity as related to the excessive force claim.  The record undisputedly shows these defendants simply were not present when force was applied.  The summary judgment motion shows these defendants are clearly entitled to qualified immunity on this claim, on the grounds that these defendants, not present when force was used, could not have, as a matter of law, violated

---

[1] These Defendants concede specificity was identified in Exhibit 53.

Aparo's constitutional rights. The Eleventh Circuit has also held, in this situation where the defendant is not present when use of force is applied, that the plaintiff fails to establish the second prong in the qualified immunity analysis as well, that is, that the law clearly established the plaintiff's rights at the time of the alleged misconduct. *Militello v. Sheriff of the Broward Sheriff's Office*, 684 Fed.Appx. 809, 812 (11th Cir. 2017). In *Militello*, the Eleventh Circuit found, in remanding for the purpose of entering summary judgment in favor of the defendant deputies, that the plaintiff failed to point out any case, issued before May 2012, in which the court held that an officer was in a position to intervene against the use of excessive force where he was unable to observe the fellow officer's use of force. *Id.* at 813. Having not pointed out such authority, the officers were entitled to judgment based on the second part of the two-step qualified immunity analysis. That same reasoning is applicable here.

Nor does Plaintiff's response strip Hamm of qualified immunity. The video footage shows Hamm was at Aparo's cell door for a total of about twelve seconds on September 19, 2010. Nine of the twelve seconds was administering agents in three one-second bursts, over a period of three visits. Plaintiff's response does not challenge the procedure actually employed by Hamm in the use of force or suggest that too much force was used as related to policy and procedure. The record shows that the actual use of force complied with FDOC policy. Hamm came from

4

another dorm and complied with an order of his superior officer. Hamm is entitled to qualified immunity.

### III. Deliberate Indifference to Medical Needs

It should be noted from the onset that Plaintiff's response improperly intermingles the legal standards for deliberate indifference to medical needs with the standards applicable to use of force (Doc. 206, pp. 30-33), two separate considerations under the Eighth Amendment.[2] In terms of the deliberate indifference claims asserted against these defendants, this Court should apply the standards set forth in the summary judgment motion, (Doc. 178, pp. 18-19), and find summary judgment is warranted on these claims. In the response's separate subsections III(A)-(E), Plaintiff argues that all of the *Danley* factors have been met, referring to *Danley v. Allen*, 540 F.3d 1298 (11th Cir. 2008), cited on page 32 of the response. However, *Danley*, as relied upon in Plaintiff's response, addresses excessive use of force, as opposed to deliberate indifference. (Doc. 206, p. 32). Plaintiff has not shown that the factors needed to establish deliberate indifference have been met, and in fact did not address the factors in the response, and thus,

---

[2] Three distinct Eighth Amendment claims are available in the prison context: claims challenging specific conditions of confinement, excessive use of force, and deliberate indifference to serious medical needs. *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010). Each distinct claim "requires a different showing to establish a constitutional violation." *Id.* at 1303. Plaintiff has not plead a conditions of confinement claim, and in an abundance of caution, the Security Defendants object to any eleventh-hour attempt by Plaintiff to bring such a claim.

these defendants should be granted judgment on this claim.

The Security Defendants direct this Court's attention to the reply memoranda filed by Nurse Defendants Greene, Riley, and Franklin. (Doc. 209, 211, 213). All three set forth the factual and legal basis supporting that these three medically trained defendants did not, as a matter of law, have subjective knowledge of a risk of serious harm to Plaintiff, nor did they act grossly negligent. Medical treated Plaintiff before and after the use of force, and there is no evidence of deliberate indifference on the part of the nurses. That being the case, there is no way lay persons such as the Security Defendants should be held to a higher standard than those medically trained. This is especially true where the record undisputedly shows the Security Defendants did not have access to Plaintiff's medical records or history (nor were they aware of any of Plaintiff's claimed health conditions), and that the only record security staff had for review was the one indicating chemical agents could be applied to Plaintiff. If, starting for example on the morning of September 18, 2010, through the nurses' last visit with Aparo around 3:25 p.m. on September 19, 2010, the nurse defendants did not see the necessity for a doctor's attention, then it logically flows that Plaintiff can not establish the requisite elements of a deliberate indifference claim against the lay security defendants.

Further, this Court should reject the speculative conclusions Plaintiff draws

6

based upon the "facts" set forth in the record.  For example, in this section, and throughout the response, Plaintiff makes suggestions that Aparo made statements about his health condition while in confinement on September 19, 2010, and then makes a speculative leap that all the Security Defendants heard these statements.  This Court should reject these unsupported inferences.  Plaintiff relies upon the statements provided by inmates concerning what Aparo may have said on the date in question.  However, the majority of these witness statements simply cannot, and did not, identify what FDOC staff were present and able to hear the statements.  It is important to note that non-defendant FDOC employees were also in confinement through the date in question, and that the video submitted in the record shows these defendants, as well as other staff, constantly entering and exiting the confinement dorm.  Plaintiff's speculative statements that certain defendants heard statements by Aparo on September 19, 2010, should be rejected where Plaintiff cannot support the assertion with concrete factual citation.

     Finally, this Court should grant summary judgment on the deliberate indifference claims against the Security Defendants because Plaintiff has not met the burden of showing, under the qualified immunity analysis, the existence of any pre-existing law that made it obvious to any of the individual security defendants that their acts violated Aparo's rights under the specific set of circumstances at issue.

## IV.     Conspiracy Claims Against the Security Defendants

Summary judgment is warranted on Plaintiff's conspiracy claims (Doc. 97, Counts II and IV) for multiple reasons. First, Plaintiff offered nothing in response to these defendants' summary judgment motion that would abrogate the intracorporate conspiracy doctrine. In fact, Plaintiff did not address the doctrine in the response at all. The undisputed facts provided by the Security Defendants show the doctrine is applicable to this case. The law cited in the defendants' motion, which was not challenged by Plaintiff in the response, shows these defendants are entitled to judgment on the basis of the doctrine.

Second, Plaintiff has failed to show the requisite elements of a conspiracy. The undisputed record shows none of the individual defendants reached an agreement with anyone else to do anything as it relates to Aparo. The law is clear that Plaintiff must show more than "subjective suspicions" and "unsupported speculation" to maintain a conspiracy claim. *Ferris v. Jones*, 2015 WL 4668297 *11 (N.D. Fla. Jun. 11, 2015). Plaintiff fails to do so here. Instead, Plaintiff attempts to tie together a string of individual "facts" in this case and then baldly assert there is some conspiratorial connection, when in fact Plaintiff has failed to show, by way of supported fact, any agreement or relation of the "facts" Plaintiff suggests. Simply put, Plaintiff's conspiracy theories are speculative, and thus, do not survive a well-supported motion for summary judgment.

## V. <u>Statute of limitations</u>

Under Response section V(A), Plaintiff is incorrect in suggesting § 95.11(10), Florida Statutes, is applicable to a § 1983 action. (Doc. 206, pp. 40-41). As cited in the summary judgment motion, the law is clear that a § 1983 action, alleging an Eighth Amendment violation, is subject to a four-year limitations period when Florida is the forum state. (Doc. 178, pp. 9-10). There is no authority supporting Plaintiff's contention that an open-ended limitations period (and thus, no period at all) is ever applicable in a § 1983 claim. Moreover, the language in § 95.11(10) itself limits the open-ended period to actions for wrongful death brought under Florida's wrongful death act, not for § 1983 claims.

In section V(B) of the Response, Plaintiff seems to incorrectly merge the two distinct statute of limitations arguments found in the Security Defendant's summary judgment motion. Section I of Defendants' motion addresses the § 1983 Eighth Amendment claim (Doc. 178, pp. 9-11), while the § 1983 conspiracy claim (alleged denial of access to courts) is addressed in section III of the motion (Doc. 178, pp. 32-33). Denial of access to courts is an ancillary claim, and the accrual of the statute of limitations for such a claim may be different than that of the underlying claim (here, the Eighth Amendment allegations). *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). In this case, the four-year period began to run on the Eighth Amendment claim on the date the use of force was applied. *See*, *Baker*

9

*v. City of Hollywood*, 391 Fed.Appx. 819, 821 (11th Cir. 2010); *Walton v. Florida Department of Corrections*, 2018 WL 1393520 *5 (M.D. Fla. 2018).  In the denial of access allegations, the limitations period accrues when the plaintiff knew or should have known she suffered injury and who caused it.  *Chappell*, 340 F.3d at 1283.  Plaintiff's response incorrectly merges the two defenses together, when the analysis is in fact different.  Summary judgment is warranted on the Eighth Amendment claim as the claim was simply not brought within four years of the use of force.  In regards to the denial of access claim, and the entitlement to summary judgment, these defendants again rely upon and incorporate the argument raised by FDOC in its motion and reply as related to the issue of when Cimillo knew or should have known about her denial of access claim.

     Section V(C) of Plaintiff's response incorrectly asserts the limitations period is subject to tolling.  (Doc. 206, pp. 45-48).  As set forth in section I of the summary judgment motion, there are no tolling provisions that apply to the four-year limitations period for § 1983 claims.  As related to the state claims, under Plaintiff's assumption that § 95.11(10) may not apply, the limitations period for a death is two years under § 95.11(4)(d).  A cause of action accrues under Florida law when the last element constituting the cause of action occurs.  § 95.031, Fla. Stat.  Finally, the tolling of the limitations period is limited to the exceptions in § 95.051, none of which are applicable to this case.  Plaintiff cites no legal authority

in this section of the response to support a tolling of the applicable limitations periods.

## VI.     <u>Limitation of Damages</u>

Plaintiff incorrectly asserts in this section that defendants argue *Sharbaugh* applies to all damages. (Doc. 206, p. 51). The summary judgment clearly states this case limits certain damages being sought by Plaintiff. (Doc. 178, p. 43). Regardless, this appears to be a purely legal issue for the Court.

## VII.    <u>Issues not Addressed in Plaintiff's Response</u>

Plaintiff failed to address section V of the defendants' summary judgment motion (Doc. 178, pp. 36-42). Defendants contend summary judgment is warranted as they have met their burden under Rule 56 and Plaintiff has failed to meet her respective burden regarding the wrongful death claim.

                                                              *s/Brian C. Keri*
                                                              BRIAN C. KERI (FBN 0087874)
                                                              P.O. Box 13599
                                                              Tallahassee, Florida 32317-3599
                                                              Telephone: (850) 297-2222
                                                              Attorney for Defendants

## CERTIFICATE OF COMPLIANCE WITH LOC. R. 7.1(F) AND 56(E)

This reply complies with Loc. R. 7.1(F) and Loc. R. 56(E), in that the number of words in the reply is 2,451.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF service to

Steven R. Andrews, Esquire
822 North Monroe Street
Tallahassee, FL 32303

W. Peter Martin, Esquire
1591 Summit Lake Drive, Suite 200
Tallahassee, FL 32317

Jeffrey S. Howell, Esquire
201 S Monroe Street, 4th Floor
Tallahassee, FL 32301

on July 31, 2018.

                                                *s/Brian C. Keri*
                                                Brian C. Keri