UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**AMANDA CIMILLO, as**
**Personal Representative of the**
**Estate of RANDALL JORDAN-APARO,**
**Deceased and MINOR CHILD APARO**
**The Natural Child of Randall Jordan-Aparo**
**By and Through Her Mother and Natural Guardian**
**Amanda Cimillo,**

      Plaintiffs,

**vs.**          **CASE NO. 4:16-cv-00584-RH-CAS**

**ROLLIN AUSTIN, et al.,**

      Defendants.
_____/

### PLAINTIFFS' UNOPPOSED SUR-REPLY TO DEFENDANTS GREENE, RILEY, AND FRANKLIN'S REPLY MEMORANDUM BASED UPON *AD HOMINEM* ATTACKS ON PLAINTIFFS' COUNSEL

    Plaintiffs, Estate of Randall Jordan-Aparo, Deceased, by and through its Personal Representative, Amanda Cimillo, and Minor Child Aparo, natural minor child of the deceased Randall Jordan-Aparo, by and through the undersigned counsel, hereby files this Sur-Reply. Plaintiffs' Sur-Reply is directed at Defendant Greene's Reply (Doc. 211), Defendant Riley's Reply (Doc. 209), and Defendant Franklin's Reply (Doc. 213) (collectively, "Nurse Defendants") in opposition to Plaintiffs' Response to each Defendants' Motion for Summary Judgment (Docs. 192, 195, 197).

## Sur-Reply to Defendant Greene's Reply

## Benadryl Allegations.

In Defendant Greene's Reply, Counsel for Greene stated as follows:

> Plaintiff first asserts that Nurse Greene falsified Jordan-Aparo's medical records because she did not document that she gave him an over-the-counter dose of Benadryl (diphenhydramine). This new claim has for its only support the laboratory report attached to Medical Examiner Dr. Lisa Flannagan's autopsy report, showing traces of diphenhydramine in Jordan-Aparo's system. Further, Plaintiff contends Jordan-Aparo received the Benadryl on September 18, 2010, at 10:00 p.m., without producing a single corroborative source for this allegation. The fact that no Benadryl dosage appears anywhere in Jordan-Aparo's medical records does not suggest the records have been falsified. Rather, Benadryl does not appear in the medical records because the nursing staff never dispensed it to him. Nurses at Franklin Correctional Institution were conscientious about documenting every medication administered or dispensed to Jordan-Aparo or indeed to any inmate. Further, inmates in Florida correctional institutions, including Franklin Correctional Institution, frequently share or trade their medications, including over-the-counter medications such as ibuprofen, aspirin, Motrin, and Benadryl. They also share other items such as inhalers, although not necessarily for their intended purposes.

*Defendant Greene's Reply*, Doc. 211, at p. 6.

Inexplicably for Counsel for Greene, Jeffrey Howell, Defendant Greene signed and served under oath Interrogatory Answers to Plaintiffs' first Interrogatories to Defendant Greene dated August 25, 2017, which stated as follows:

2

11. Identify each and every interaction You had with Randall Jordan Aparo from September 1, 2010 through September 21, 2010. For each interaction, list:

    a. The date of the interaction
    b. The location of the interaction
    c. The nature of the interaction
    d. All topics or requests discussed during the interaction.
    e. All witnesses to the interaction.

ANSWER: To the best of my knowledge and belief…

    a. September 18, 2010, around 10:00PM
    b. The infirmary
    c. **Mr. Aparo was brought to the infirmary for a medical evaluation. He had general complaints like, "I don' t feel good, I don't feel right." I conducted an evaluation and everything checked out, he was stable. I gave him some OTC Benadryl.**
    d. Mr. Aparo was requesting a medical evaluation.
    e. I do not recall

    a. September 18, 2010, sometime around midnight.
    b. The infirmary
    c. Mr. Aparo came back to the infirmary tachycardic. I monitored him in the infirmary until the end of my shift.
    d. Mr. Aparo was requesting a medical evaluation.
    e. I do not recall"

Emphasis added.

In Plaintiffs' Response to Greene's Motion for Summary Judgment (Doc. 195) at Exhibit 37, Plaintiffs filed Greene's Interrogatory Answers where Greene answered under oath and under penalty of perjury that she in fact administered Benadryl to Aparo. The Plaintiffs became aware that Aparo had been administered Benadryl when reviewing the Department of Pathology and Laboratory Medicine Report submitted by Dr. Flannigan in connection with Aparo's autopsy. Dr. Goldberger, Ph.D. reported that Aparo's urine contained diphenhydramine, *see* **Exhibit 1**, an antihistamine commonly known by the brand name Benadryl. Benadryl has a half-life between 13.2 hours and 2.13 days. *See* **Exhibit 2.**

Counsel for Greene also, while calling Plaintiffs' Counsel a liar, stated in Greene's Reply at Doc. 211, at p. 7:

> "Nurses at Franklin Correctional Institution were conscientious about documenting every medication administered or dispensed to Jordan-Aparo or indeed to any inmate."

However, the nurses were not that conscientious about documenting every drug administered to Aparo, because nowhere on the medical administration records of Aparo is it charted that Aparo was given Benadryl.  Nurse Greene's sworn interrogatories resolved that allegation. This was cited in Plaintiffs' Response to Greene's Motion for Summary Judgment. *See* Doc. 195, at p. 14. For

simplicity's sake, *see also* attached **Exhibits 3 and 4**,[1] which do not anywhere indicate that Aparo was given Benadryl. Obviously, Plaintiffs' allegations were based upon Dr. Goldberger's toxicology report.[2] *See* Exhibit 1, *supra.*

Mr. Howell's allegations concerning the Benadryl are "mistaken."

**Howell's Representation About Aparo Refusing to Give A Urine Sample.**

Mr. Howell suggests that Plaintiffs' counsel mischaracterized Aparo's aborted attempt to give a urine sample to Greene on September 17, 2010, at 10:15 p.m. and further contends:

"Aparo refused to comply with her instructions regarding a urine sample perhaps because he ingested something he was afraid would be detected in his urine sample." *See* Doc. 211, at p. 9.

However, the Back Pain Assessment signed by Greene stated Aparo could not give a urine sample because "It hurt too bad. I can't." Nowhere in this record is there a Refusal Form required to be signed by Aparo if he simply refused to cooperate and give a urine sample. *See* **Exhibit 5**. Also, in a statement made by Greene to SA Devaney, Greene stated "the inmate indicated he could not urinate…." *See* **Exhibit 6**.

---

[1] Obviously, Greene's charting is false in regard to the administration of Benadryl because on Exhibit 3, the MAR referencing Cipro, Greene signed the MAR.
[2] It is probably not a good idea to call opposing counsel a liar if you do not know the record and you do not remember what your own client's interrogatories say.

5

### **Sur-Reply to Defendant Riley's Reply**

### **Riley Never Called Dr. Choudhary Back When He Instructed Her to Take Aparo's Blood Pressure for the Third Time.**

On page 14 of Riley's Reply (Doc. 209), Howell states that undersigned counsel lied about whether or not Riley had called back Dr. Choudhary after he instructed Riley to call him after Riley attempted to take Aparo's blood pressure for a third time. *See Riley Depo Excerpt*, attached hereto as **Exhibit 7**. In fact, Mr. Howell mischaracterizes the record because his own client, Defendant Riley, testified under oath that she never made a phone call to Dr. Choudhary after she could not obtain a blood pressure reading for the third time.

Howell indicated that Riley did speak with Dr. Choudhary, which is true. However, Riley never called Dr. Choudhary back when she could not or did not take Aparo's blood pressure after 2:00 p.m. as instructed by Dr. Choudhary. *See* **Exhibit 7**, *supra*.

### **Sur-Reply to Defendant Franklin's Reply**

### **Franklin's Special Housing Assessment on September 18, 2010.**

Howell stated on page 7 of Defendant Franklin's Reply (Doc. 213) that:

> "Plaintiff's contention that Nurse Franklin failed to 'indicate that Aparo was suffering from any apparent acute medical conditions that would preclude his placement in special housing' is therefore a falsification itself, and untrue."

6

It is hard to discern what Howell is trying to say in this sentence other than that the undersigned was engaging in some sort of falsification of a form signed by his client, Franklin, the day before Aparo died. In fact, the form speaks for itself. *See* **Exhibit 8**.

### "Populating Plaintiffs' Response" with "Many Lies."

Suggesting that Plaintiffs' Counsel is populating Plaintiffs' Response to Franklin's Motion for Summary Judgment with many lies can only be based on the Nursing Defendants' belief that their Reply is so weak that they can call a disputed fact a lie and expect to get summary judgment granted. The undersigned counsel has never in his 40 years of practice seen this type of language in a document filed in federal court and available on PACER nationwide. It is more than just odd and unprofessional, and therefore requires further response by the Plaintiffs.

Plaintiffs have asserted factual allegations that are based on testimony and documentary evidence. Just because the Nursing Defendants and Howell do not like them as they establish disputes of material facts does not make them false, or a "lie" or "blatant lies."

### Late Entries.

Dr. Flannigan testified that Aparo died between 3:00 and 4:00 p.m. on September 19, 2010. All of the records that are listed as "INC" are handwritten

7

despite the fact that the other records were typed on an electronic medical records system. This alone makes these records suspect and Plaintiff were in fact being charitable when they asserted in there Response that these records were late entries as opposed to being false entries.

## Conclusion

Therefore, undersigned counsel is not asking for any specific punitive relief from the Court, but this sort of language directed to Counsel and these *ad hominem* attacks had to be addressed by Plaintiffs under notions of fair play. Otherwise, Plaintiffs would have been unable to address these disappointing allegations by Howell until summary judgment, and at which time the Court would have already been exposed to this conduct by the Nursing Defendants and their counsel. Plaintiffs maintain their assertion that Defendants Greene, Riley, and Franklin's Motions for Summary Judgment should be denied as there clearly remains disputed facts that must be resolved by a jury. This is unequivocal and even more clear from the face of the Replies filed by the Nursing Defendants.

## **CERTIFICATE OF GOOD FAITH**

Pursuant to N.D. Fla. Loc. R. 7.1(B), the undersigned has conferred with counsel for the Nurse Defendants, Jeffrey Howell, who does not oppose Plaintiffs' Motion for Leave and filing of a Sur-Reply.

## **CERTIFICATE OF COMPLIANCE**

Plaintiff has exceeded the word limit permitted by Rule 7.l(F) of the N.D. Fla. Loc. R. Plaintiff has sought relief via a Motion to Exceed Word Limit, which is unopposed by Defendant DOC. I certify that this memorandum contains 13,076 words, as counted by Microsoft Word, excluding the items that may be excluded under Rule 7.1(F), the font used in this motion is Times New Roman 14-point font.

Respectfully submitted,

The Law Offices of
STEVEN R. ANDREWS, P.A.
822 Monroe Street
Tallahassee, Florida 32303
T:  (850) 681-6416 / F: (850) 681-6984

*/s/ Steven R. Andrews*_____
STEVEN R. ANDREWS (FBN 0263680)
BRIAN O. FINNERTY (FBN 0094647)
bfinnerty@andrewslawoffice.com
RYAN J. ANDREWS (FBN 0104703)
ryan@andrewslawoffice.com
service@andrewslawoffice.com
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by electronic transmission this 3rd day of August, 2018, to:

W. Peter Martin, Esq.
Dennis, Jackson, Martin & Fontela, P.A.
1591 Summit Lake Drive, Suite 200
Tallahassee, Florida  32317
peter@djmf-law.com
jmauer@djmf-law.com
jennifer@djmf-law.com
*Atty for FDOC*

Jeffrey S. Howell, Esq.
Phipps & Howell
201 South Monroe Street, 4th Floor (32301)
Post Office Box 1351
Tallahassee, Florida  32302
jeff@phipps-howell.com
Margaret@phipps-howell.com
*Atty for Jones a/k/a Franklin, Riley & Greene*

Brian C. Keri, Esq.
The Law Offices of Brian C. Keri, PA
3375-H Capital Circle NW, Suite 4
Tallahassee FL 32308
brianckeri@earthlink.net
michellemsmith@earthlink.net
*Atty for Austin, Brown, Burch, Gillikin, Hamm, Hampton, Martina & Spangler*

/s/ ***Steven R. Andrews***
STEVEN R. ANDREWS