**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

AMANDA CIMILLO,

       Plaintiff,

v.                             CASE NO. 4:16cv584-RH/CAS

ROLLIN AUSTIN et al.,

       Defendants.

_____/


**ORDER DENYING THE CORRECTIONAL
DEFENDANTS' SUMMARY-JUDGMENT MOTION**


    Correctional officers repeatedly gassed a 27-year-old prisoner who had complained of breathing difficulties for three days. Several hours later the prisoner was dead. The officers say the prisoner was being disruptive, but other witnesses have sworn the prisoner was not being disruptive at all—that he was sprayed for no reason.

    The personal representative of the prisoner's estate asserts claims against the Department of Corrections, against individual officers who were involved with the gassing, and against nurses who responded to the breathing complaints and cleared the prisoner for gassing. A summary-judgment hearing addressed five separate summary-judgment motions—one by the Department, one by individual officers

involved with the gassing, and three by individual nurses. This order confirms the ruling set out on the record denying the individual officers' motion. Separate rulings will be entered on the other motions.

On a summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in favor of the nonmoving party. The moving party must show that, when the facts are so viewed, the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A summary-judgment motion cannot be used to resolve in the moving party's favor a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

In their summary-judgment motion, the correctional defendants assert that they did not violate the prisoner's constitutional rights and that, in any event, they have qualified immunity. Qualified immunity applies to damages claims against public officers and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). *See generally Carroll v. Carman*, 135 S. Ct. 348 (2014); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Thus a public officer may be held individually liable only if the officer's conduct violates clearly established law.

Officers may gas a disruptive prisoner. But officers may not gas a prisoner who is not disruptive—whose gassing is not necessary to maintain or restore order. The law on this was clearly settled prior to this gassing. *See Danley v. Allen*, 540 F.3d 1298, 1309 (11th Cir. 2008) (affirming the denial of a motion to dismiss a prisoner's gassing claim and noting, "Once a prisoner has stopped resisting there is no longer a need for force, so the use of force thereafter is disproportionate to the need."). Similarly, the law was clearly settled that officers must allow a prisoner who has been gassed, even properly, to clean up, and must not return the prisoner to a contaminated cell. *Id.* at 1309. Here the record would support (though not compel) findings that this prisoner was not being disruptive, that spraying him violated clearly established law, that he was not allowed to clean up adequately, that he was returned to a contaminated cell, and that this, too, violated clearly established law.

During the summary-judgment hearing, the plaintiff abandoned her claims against three of the individual officers: Kevin Allen Hampton, Mitchell Brown, and Patrick Burch. Each of the five remaining officers had a role in the gassing sufficient to withstand summary judgment. The defendant Rollin Austin ordered the gassing. The defendant James I. Hamm carried it out. The defendants Chad Evans Gilliken and Joshua Martina attended the prisoner before and after the gassing. Mr. Martina and the defendant Christopher Spangler escorted the prisoner

to a shower and medical examination and put the prisoner back in the cell in which

he was gassed—the cell that the jury could find was still contaminated.

To be sure, an officer ordinarily can rely on information provided by other

officers, and an officer who did not know unconstitutional conduct was afoot

cannot be held liable. Thus, for example, Mr. Hamm will not be liable if the jury

finds that he followed an order to gas the prisoner without knowing whether the

prisoner had indeed been disruptive—without knowing whether the prisoner

stopped only when Mr. Hamm arrived to administer the gas and could be expected

to resume the disruptive behavior if Mr. Hamm left. But this record does not

compel that finding. Mr. Hamm administered three separate sets of three one-

second bursts of gas. The second and third sets were proper only if the prisoner

continued his disruptive behavior. If the jury believes the testimony that the

prisoner was not disruptive between gassings, the jury could also infer that Mr.

Hamm knew it.

The defendants also assert the claims are barred by the statute of limitations.

Whether that is so turns on genuine factual disputes that cannot be resolved on

summary judgment.

For these reasons and those set out on the record,

IT IS ORDERED:

The correctional defendants' summary-judgment motion, ECF No. 178, is denied.

SO ORDERED on August 10, 2018.

s/Robert L. Hinkle
United States District Judge