IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


AMANDA CIMILLO,

    Plaintiff,

v.                                                                   CASE NO. 4:16cv584-RH/CAS

ROLLIN AUSTIN et al.,

    Defendants.

_____/


**ORDER DENYING THE NURSES'**
**SUMMARY-JUDGMENT MOTIONS**


    A prisoner repeatedly declared medical emergencies, asserting, among other things, that he had chest pain and could not breathe. Nurses failed to carry out a doctor's treatment instructions and cleared the prisoner to be gassed. Within several hours the prisoner was dead.

    The personal representative of the prisoner's estate asserts claims against the Department of Corrections, against individual officers who were involved with the gassing, and against nurses who responded (or failed to respond) to the prisoner's medical complaints and cleared the prisoner for gassing. A summary-judgment hearing addressed five separate summary-judgment motions—one by the

Department, one by individual officers involved with the gassing, and three by individual nurses.

This order confirms the ruling set out on the record denying the nurses' motions. Separate rulings will be entered on the other motions.

On a summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in favor of the nonmoving party. The moving party must show that, when the facts are so viewed, the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A summary-judgment motion cannot be used to resolve in the moving party's favor a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

In their summary-judgment motions, the nurses assert that they did not violate the prisoner's constitutional rights and that, in any event, they have qualified immunity. Qualified immunity applies to damages claims against public employees and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). *See generally Carroll v. Carman*, 135 S. Ct. 348 (2014); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Thus a public employee may be held individually liable only if the employee's conduct violates clearly established law.

A prison nurse—like any other prison official—violates the Eighth Amendment when deliberately indifferent to a prisoner's serious medical needs. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976). Deliberate indifference is an exacting standard; negligence is not enough. Medical malpractice is not enough.

On this record a jury could find each of the nurses deliberately indifferent. As the nurses knew, the prisoner had Osler-Weber-Rendu syndrome. The syndrome is characterized by abnormal blood vessels, not only internally but visibly on the lips, tongue, ears, and fingers. When visible, the abnormalities are referred to as telangiectasias. The prisoner had visible telangiectasias. The syndrome has other, more serious symptoms, but the nurses may not have known—or bothered to find out—about the other symptoms.

When the prisoner presented with complaints of inability to breathe and chest pain, among other symptoms, one of the defendant nurses, Martha Greene, recognized the complaints as serious and called a doctor. Ms. Greene did not report all the symptoms; she did not, for example, report the chest pain. The doctor told Ms. Greene to treat the prisoner with lactated ringers—a method for providing intravenous fluids—and to hold him for observation in the infirmary for 23 hours. Ms. Greene did not provide the fluids; she says she was unable to do so. She did not tell the doctor she had not carried out his instructions.

The second defendant nurse, then known (and usually referred to in this record) as Lucy Franklin, came on duty, learned the situation, and also did not provide fluids. At some point she charted a blood-pressure reading, though she now admits she did not in fact take the prisoner's blood pressure. Like Ms. Greene, Ms. Franklin did not tell the doctor his instructions had not been carried out. But Ms. Franklin did note on the chart that the prisoner said he needed to go to the hospital, using profanity, and that "this nurse will not be talked to this way."

When correctional officers came to take the prisoner to the confinement unit for misconduct that a jury could find at least partly attributable to his deteriorating health—or perhaps could find did not occur at all—Ms. Franklin did not tell the officers that the doctor had placed a hold on the prisoner so that he could be observed in the infirmary. Neither Ms. Franklin nor the third defendant nurse, Ola Melissa Riley, told the doctor that his hold-order was being disregarded.

Later the same day, Ms. Franklin certified that the prisoner had no medical conditions that would prevent gassing him. Ms. Greene and Ms. Riley had signed earlier certifications to the same effect, despite the prisoner's Osler-Weber-Rendu syndrome.

After the prisoner was gassed, Ms. Riley conducted a post-use-of-force examination. She noted that the prisoner was still covered in gas. She later checked on the prisoner in his cell and thus must have seen that the cell was still

contaminated, or so a jury could find. Ms. Riley did nothing to stop the prisoner's continued exposure to gas. The prisoner died in his cell within a few hours.

In sum, a jury could conclude that all three nurses knew the prisoner had a serious long-term condition; that Ms. Greene and Ms. Franklin knew of the prisoner's immediate condition and need for treatment; that they did not carry out the doctor's instructions for treating the immediate condition; that Ms. Franklin and Ms. Riley allowed the prisoner to be taken to confinement instead of keeping him in the infirmary for observation as the doctor instructed; that all three nurses certified that the prisoner could be gassed; that Ms. Franklin did so even knowing his immediate condition; and that Ms. Riley allowed the prisoner to be put back in his cell even though he and the cell were still contaminated. A jury could find that these actions—and inactions—rose to the level of deliberate indifference as that term is defined under clearly established law.

The defendants also assert the claims are barred by the statute of limitations.

Whether that is so turns on genuine factual disputes that cannot be resolved on summary judgment.

For these reasons and those set out on the record,

IT IS ORDERED:

The nurses' summary-judgment motions, ECF Nos. 174, 175, and 176, are denied.

SO ORDERED on August 13, 2018.

                                               s/Robert L. Hinkle
                                               United States District Judge